[Crim. No. 24999. Second Dist., Div. One. Oct. 28, 1974.]

THE PEOPLE, Plaintiff and Respondent, v.
PAUL SMITH, Defendant and Appellant.

## COUNSEL

William E. Brugman, under appointment by the Court of Appeal, for Defendant and Appellant.

Evelle J. Younger, Attorney General, Jack R. Winkler, Chief Assistant Attorney General, S. Clark Moore, Assistant Attorney General, William R. Pounders and Roger W. Boren, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**THOMPSON, J.**—In this appeal from a judgment of conviction of grand theft-person in violation of Penal Code sections 486 and 487, subdivision 2, with a sentence to state prison, appellant contends that the imposition of a state prison term for the taking of property of a value of less than $200 from the person of another violates the United States and California constitutional proscriptions against cruel and unusual punishment. Appellant contends also that the trial judge was influenced by bias in imposing the sentence. Concluding that the contentions lack merit, we affirm the judgment.

Having been caught in the act of stealing $22.40 and a bus pass from the person of Mrs. Rose Celona, appellant was charged with grand theft-person. On September 29, 1971, he entered into a *Mosley* submission of the matter on the transcript of his preliminary hearing and was found guilty of the charge. The matter was continued to October 20, 1971, for sentencing and appellant was allowed to remain at liberty on bail. He failed to appear. A bench warrant issued. Appellant was returned to the trial court on December 17, 1973. After considering a supplemental probation report, the court permitted appellant to explain his failure to appear for sentencing as originally ordered. Appellant stated that he had gone to Alabama to attend his grandfather's funeral and lacked finances to return for sentencing. Appellant's explanation foundered upon his admission of data in the supplemental probation report indicating that he had not remained in Alabama while a fugitive but had traveled to New York, Connecticut, and to San Francisco. The trial court sentenced appellant to state prison for the term prescribed by law with credit for 45 days served in county jail while awaiting trial and sentence.

Appellant's contention of bias of the trial judge influencing the sentence imposed is not supported by the record. ■ The record does reveal that the judge considered appellant's failure to appear for sentencing in determining an appropriate punishment, as well as appellant's patently false explanation. Those factors, however, were proper items of consideration in determining the sentence since they bore upon appellant's receptivity to rehabiliation.

Appellant's contention that a state prison sentence imposed by the interaction of Penal Code sections 487, subdivision 2, and 489 is cruel and

unusual, is one that has apparently not previously been considered by a reviewing court. We conclude that the contention lacks merit.

Penal Code section 487 defines as grand theft, larceny of property worth $200 or more (subd. 1), and larceny from the person of another (subd. 2). Other sections of the Penal Code define grand theft as larceny of specifically described classes of property.[1] Penal Code section 488 states that all classes of theft not defined as grand theft are petty theft. Grand theft is punishable by imprisonment in the county jail for not more than one year or in the state prison for not more than 10 years. (Pen. Code, § 489.) First offense petty theft is punishable by imprisonment in the county jail for not more than six months. (Pen. Code, § 490.) Second offense petty theft or petty theft committed by a person who has served a term of imprisonment for a felony is punishable by a state prison sentence of one to five years. (Pen. Code, §§ 666, subd. 3; 667.) Thus a first offense theft of property of a value of less than $200 not from the person is punishable by a county jail sentence of not less than six months while a theft of similar property from the person is subject to a maximum punishment of a state prison sentence of 10 years. Granted there is a lack of symmetry in the punishment scheme, it is not of constitutional dimension when tested by the standards of *In re Lynch*, 8 Cal.3d 410 [105 Cal.Rptr. 217, 503 P.2d 92].

*Lynch* requires that the constitutionality of a statute imposing an indeterminate sentence be tested by the maximum possible term prescribed. (8 Cal.3d at p. 419.) █ If that maximum term "is so disproportionate to the crime for which it is inflicted that it shocks the conscience and offends fundamental notions of human dignity," it violates the constitutional proscription. (8 Cal.3d at p. 424.) "Whether a particular punishment is disproportionate to the offense is, of course, a question of degree. . . . The judiciary . . . should not interfere in [the legislative] process [of prescribing penalties for criminal offenses] unless a statute prescribes a penalty 'out of all proportion to the offense' . . . ." (8 Cal.3d at pp. 423-424.) Proportionality is to be tested by "the nature of the offense and/or the offender" (8 Cal.3d at p. 425), the violent or nonviolent nature of the crime (8 Cal.3d at p. 425), the presence or absence of aggravating circumstances (8 Cal.3d at p. 426), comparison of the penalty "with the punishments prescribed in the *same jurisdiction* for *different offenses*" (8 Cal.3d at p. 426), and "comparison of the challenged penalty with the punish-

---

[1]See e.g., Penal Code sections 487a (livestock), 487d (gold dust, amalgam and quicksilver), 487g (dogs).

ments prescribed for the *same offense* in *other jurisdictions* . . ." (8 Cal. 3d at p. 427).

Here the nature of the offense committed by appellant is materially more serious than typical petty theft. Where the theft is from the person, the possibility of violence and harm to the victim is greatly increased over that present, for example, in shoplifting. The nature of the offender in the case at bench also justifies a severe penalty. The probation report indicates that a prior five-year sentence for grand larceny was unsuccessful in rehabilitation and appellant's flight while on bail awaiting sentence, together with his patently false explanation to the trial court, indicated the need for stringent measures. If appellant had been charged only with petty theft, his prior felony conviction and sentence would have exposed him to a five-year prison term. (Pen. Code, § 667.) The maximum punishment for grand theft is one of the lighter possible maximums imposed by the California statutory scheme.[2] Our research indicates that approximately 29 states treat theft from the person more strictly than larceny in general. Of those, 4 impose a maximum potential sentence greater than that permitted in California,[3] 14 permit the same maximum sentence as

[2]The following table is illustrative:

| Offense | Punishment | Pen. Code Sec. |
|---|---|---|
| First degree murder | Life imprisonment/death | 190 |
| Kidnapping (aggravated) | Life without parole | 209 |
| Second degree murder | 5 years to life | 190 |
| First degree robbery | 5 years to life | 213 |
| Rape | 3 years to life | 264 |
| Second degree robbery | 1 year to life | 213 |
| Assault (deadly weapon) | 6 months to life | 245 |
| Kidnapping (simple) | 1 to 25 years | 208 |
| Assault with intent to commit robbery, etc. | 1 to 20 years | 220 |
| Assault to commit other felony | 6 months to 15 years | 221, 18b |
| Manslaughter | 6 months to 15 years | 193, 18b |
| Assault with intent to commit murder | 1 to 14 years | 217 |
| Assault with caustic chemicals | 1 to 14 years | 244 |
| Mayhem | 6 months to 14 years | 204, 18b |
| Assault (simple) | 6 months | 241 |
| Battery (simple) | 6 months | 243 |
| Burglary—first degree | 5 years to life | 461 |
| Burglary—second degree | 1 to 15 years | 461 |

[3]

| | | |
|---|---|---|
| Idaho | 1 to 14 years | Idaho Code, §§ 18-4604, 18-4606 |
| Utah | 1 to 15 years | Utah Code, §§ 76-3-203, 76-6-412 |
| Virginia | 1 to 20 years | Code of Va., § 18.1-100 |
| Washington | 15 years | Rev. Code of Wash., § 9.54.090 |

California,[4] and 11 permit only a shorter sentence.[5] California's maximum sentence for theft from the person is thus not grossly out of proportion with sentences for a similar crime in other jurisdictions.

In sum, application of the tests of comparability given us by *Lynch* leads to the conclusion that the penalty here imposed is not so disproportionate that the judiciary should interfere with the Legislature's primary responsibility and discretion in fixing the maximum permissible punishment for crime. Were we to interfere in the case at bench, which involves one of the shorter maximum terms permitted by the California statutory scheme of indeterminate sentences for felonies, we would in effect invalidate the whole of the indeterminate sentence structure. Our Supreme Court, when faced with the issue in *Lynch,* rejected that drastic step. We may safely assume that the action should not be taken.

The judgment is affirmed.

Wood, P. J., and Lillie, J., concurred.

[4]

| Alabama | 1 to 10 years | 14 Code of Ala. § 331 |
|---|---|---|
| Arizona | 1 to 10 years | Crim.Code Ariz. §§ 13-663, 13-671 |
| Illinois | 1 to 10 years | 38 Ill.Ann.Stats. §§ 16-1(a)(c)(2), 1005-8-1(b)(4) |
| Indiana | 1 to 10 years | Ind.Code, §§ 35-17-5-3(a), 35-17-5-12(3) |
| Michigan | 10 years | Mich.Comp.Laws Ann. § 750.357 |
| Nevada | 1 to 10 years | Nev.Rev.Stats. § 205.270 |
| North Carolina | 10 years | N.C.Stats. §§ 14-2, 14-72(b)(1) |
| North Dakota | 10 years | N.D. Century Code §§ 12-40-03, 12-40-04 |
| Rhode Island | 1 to 10 years | Gen.L. of R.I. § 11-41-7 |
| South Carolina | 3 mos.–10 yrs. | Code of Laws of S.C. §§ 16-352, 17-552 |
| South Dakota | 10 years | S.D. Compiled Laws §§ 22-37-2, 22-37-3 |
| Tennessee | 3 to 10 years | Tenn.Code Ann. § 39-4206 |
| Texas | 2 to 10 years | Tex.Pen.Code §§ 12.34, 31.03 |
| Vermont | 10 years | 13 Vt.Stats.Ann. § 2503 |

[5]

| Alaska | 1 to 5 years | Alaska Stats. § 11.15.250 |
|---|---|---|
| Colorado | 1 to 5 years | Colo.Crim.Code §§ 40-1-105, 40-4-401(5) |
| Connecticut | 1 to 5 years | Conn.Stats. §§ 53A-35, 53A-123 |
| Maine | 6 years | 17 Me.Rev.Stats.Ann. §§ 2101, 2102 |
| Massachusetts | 2½ to 5 yrs. | Mass.Gen.L.Ann. ch. 266 § 25 |
| Minnesota | 5 years | Minn.Stats.Ann. § 609-52 |
| Nebraska | 1 to 7 years | Rev.Stats.Neb. § 28-505 |
| New Jersey | 1 to 7 years | N.J.Stats.Ann. §§ 2A:85-6, 2A:119-1 |
| New York | 4 years | McKinney's Cons.Laws of N.Y. §§ 70.00, 155.30 |
| Oklahoma | 5 years | Okla.Stats.Ann. §§ 1704, 1705 |
| Wisconsin | 5 years | Wis.Stats.Ann. § 943.20 |