147 Cal.App.3d 63 (1983)
195 Cal. Rptr. 193
THE PEOPLE, Plaintiff and Respondent,
v.
RUDY F. SAVALA, Defendant and Appellant.
Docket No. 12449.
Court of Appeals of California, Third District.
September 15, 1983.
*64 COUNSEL
Robert F. Kane, under appointment by the Court of Appeal, for Defendant and Appellant.
*65 John K. Van de Kamp, Attorney General, Charles P. Just and Shirley A. Nelson, Deputy Attorneys General for Plaintiff and Respondent.
OPINION
BOSKOVICH, J.[*]
After a jury trial defendant Rudy Savala was convicted of four counts of robbery with special findings that he personally used a firearm in each robbery (Pen. Code, §§ 211, 12022.5), one count of assault on a police officer engaged in the performance of his duties (Pen. Code, § 245, subd. (b)), and one count of being a convicted felon in the possession of a concealable firearm (Pen. Code, § 12021). Defendant admitted he had suffered a prior felony conviction and prison term. (Pen. Code, § 667.5, subd. (b).)
Defendant was sentenced to 12 years and 4 months in prison. In People v. Savala (1981) 116 Cal. App.3d 41 [171 Cal. Rptr. 882], we affirmed the convictions. We found sentencing error, in that the trial court had included enhancements for the use of a firearm (Pen. Code, § 12022.5), in calculating the length of defendant's consecutive sentences, contrary to the decision in People v. Harvey (1979) 25 Cal.3d 754 [159 Cal. Rptr. 696, 602 P.2d 396]. We "remanded to the trial court with directions to set aside the sentence and to resentence defendant in accordance with People v. Harvey." (People v. Savala, supra, 116 Cal. App.3d at p. 62.)
On remand defendant was again sentenced to a total unstayed prison term of 12 years and 4 months. In resentencing the trial court stayed the service of the enhancements on the consecutive sentences, but increased the principal term from the middle term for robbery (three years) to the upper term (five years).[1] Defendant appeals. He contends the trial court had no power on remand to increase the principal term from the middle to the upper term. He relies upon this court's remand and double jeopardy and due process principles. He further contends the trial court erred in considering multiple victims as a factor justifying consecutive sentences. We find no error and shall affirm the judgment.

*66 I

IMPOSITION OF THE UPPER BASE TERM
Initially, we reject defendant's contention that the resentencing violated our prior decision in People v. Savala, supra, 116 Cal. App.3d 41. By our order in that appeal we directed the trial court to set aside the original sentence and to resentence defendant. (Id., at p. 62.) Had we concluded that the only possible remedy was to strike the invalid portion of the sentence we would have simply modified the judgment and affirmed as modified. In remanding the cause we left open to the trial court's discretion the decision whether the invalid portion of the sentence infected other portions. We thus find no impediment to the resentencing in our previous decision.
(1a) We must consider defendant's contention that resentencing was legally improper. Defendant's situation is not unique. The complex provisions of the Determinate Sentencing Act (DSL) have frequently required appellate clarification of their meaning. (See People v. McCart (1982) 32 Cal.3d 338, 340 [85 Cal. Rptr. 284, 649 P.2d 926].) In interpreting the provisions of the DSL under which defendant was originally sentenced in a manner which resulted in our remand in the first appeal, the Supreme Court conceded "the question is close and subtle." (People v. Harvey, supra, 25 Cal.3d at p. 761.) And the Legislature has since declared that the decision in Harvey was an erroneous interpretation. (Stats. 1980, ch. 132, § 1, subd. (c).) Under such circumstances it is not at all uncommon for a trial court to impose an aggregate sentence intended as appropriate total punishment under all of the circumstances, only to discover after an appeal by the defendant that a portion of the sentence is infected by illegality.
(2) It is well established under both state and federal authorities that where a trial court has imposed an unauthorized and therefore illegal sentence the sentence may be set aside judicially and is no bar to the imposition of a proper judgment even though it is more severe than the prior unauthorized sentence. (In re Ricky H. (1981) 30 Cal.3d 176, 191 [178 Cal. Rptr. 324, 636 P.2d 13]; People v. Serrato (1973) 9 Cal.3d 753, 764 [109 Cal. Rptr. 65, 512 P.2d 289]. See also Bozza v. United States (1947) 330 U.S. 160, 166-167 [91 L.Ed. 818, 822, 67 S.Ct. 645].) And where a defendant has successfully appealed from a judgment the United States Supreme Court "has resisted attempts to extend [double jeopardy] to sentencing. The imposition of a particular sentence usually is not regarded as an `acquittal' of any more severe sentence that could have been imposed. The Court generally has concluded, therefore, that the double jeopardy clause imposes no absolute prohibition against the imposition of a harsher sentence at retrial after a defendant has succeeded in having his original conviction *67 set aside. [Citations.]" (Bullington v. Missouri (1981) 451 U.S. 430, 437-438 [68 L.Ed.2d 270, 278, 101 S.Ct. 1852]. See also United States v. DiFrancesco (1980) 449 U.S. 117, 133 [66 L.Ed.2d 328, 343, 101 S.Ct. 426]; North Carolina v. Pearce (1969) 395 U.S. 711, 719 [23 L.Ed.2d 656, 666, 89 S.Ct. 2072].)[2] (3) The California Supreme Court has agreed that a defendant may be resentenced after a successful appeal; however, the court has imposed a limitation that the defendant not be sentenced to a punishment in excess of his original sentence. (People v. Hood (1969) 1 Cal.3d 444, 459 [82 Cal. Rptr. 618, 462 P.2d 370]; People v. Henderson (1963) 60 Cal.2d 482, 496-497 [35 Cal. Rptr. 77, 386 P.2d 677].)
Defendant recognizes that his total aggregate sentence on remand did not exceed his total aggregate sentence in the first judgment. However, he perceives himself as having been sentenced in the first instance to a series of separate and independent terms and he asserts that illegality in respect to a portion of his total prison term did not affect the other portions. In defendant's view the trial court could only cure the illegality by striking the illegal portions of his sentence and could not reconsider the other portions of his total sentence.
The Courts of Appeal have not been entirely consistent in the relief granted where a portion of a total aggregate term is determined to be illegal. A number of decisions have indicated that the trial court may reconsider the entire sentence. (See People v. Alvarado (1982) 133 Cal. App.3d 1003, 1029 [184 Cal. Rptr. 483]; People v. Gutierrez (1980) 109 Cal. App.3d 230, 233 [167 Cal. Rptr. 162]; People v. Superior Court (Duran) (1978) 84 Cal. App.3d 480, 489 [148 Cal. Rptr. 698].) On the other hand, in People v. Espinoza (1983) 140 Cal. App.3d 564, at page 567 [189 Cal. Rptr. 543], the court said: "We decline to remand. The judge exercised his discretion to impose the middle base term. This was a proper exercise of discretion. That the judge may have labored under a mistake of law about the number of permissible enhancements furnishes no basis to undo a sentence which was properly imposed."
Defendant's contention must be resolved through consideration of the nature of an aggregate term of imprisonment. In this regard we note that under the Indeterminate Sentence Law (ISL) the contention that consecutive prison terms were a series of independent terms was consistently rejected: "... a *68 prisoner confined under consecutive sentences must be regarded as undergoing a single, continuous term of confinement rather than a series of distinct, independent terms." (In re Cowen (1946) 27 Cal.2d 637, 643-645 [166 P.2d 279]; see also In re Byrnes (1948) 32 Cal.2d 843, 850-851 [198 P.2d 685]; In re Park (1976) 63 Cal. App.3d 963, 967-968 [134 Cal. Rptr. 670]; In re Allen (1965) 239 Cal. App.2d 23, 24-25 [48 Cal. Rptr. 345].) We must consider whether this established rule was changed by the adoption of determinate sentencing (DSL).
The decisional authorities have assumed a prison term under the DSL is a single term rather than a series of separate terms. (See People v. McCart, supra, 32 Cal.3d at p. 343; In re Clawson (1981) 122 Cal. App.3d 222, 224 [175 Cal. Rptr. 732]; People v. Carter (1980) 104 Cal. App.3d 370, 372 [163 Cal. Rptr. 475].) This is in accordance with statutory language which provides for an "aggregate term of imprisonment," and which defines a prior separate prison term as "a continuous completed period of prison incarceration imposed for the particular offense alone or in combination with concurrent or consecutive sentences for other crimes...." (Pen. Code, §§ 1170.1, subd. (a) and 667.5, subd. (g).)
The legal interdependence of the components of an aggregate sentence cannot be denied in view of the numerous provisions of the Penal Code tying the components to each other. (E.g., Pen. Code, § 1170.1, subd. (a).) Indeed, it was the legal interdependence of the components of defendant's original sentence which entitled him to a remand for resentencing after his first appeal. (People v. Savala, supra, 115 Cal. App.3d at p. 45.)
Not only are the components of an aggregate term interdependent for purposes of calculation of the aggregate term, they are also interdependent for purposes of imposition. A court simply does not sentence on various counts and enhancements independent of each other. For example, "[t]he court may not impose an upper term by using the fact of any enhancement upon which sentence is imposed...." (Pen. Code, § 1170, subd. (b).) This provision has been judicially construed to mean the sentencing court cannot impose an upper term by considering the same factor considered in determining whether to impose an enhancement. (See People v. Lawson (1980) 107 Cal. App.3d 748, 756-757 [165 Cal. Rptr. 764].) Thus, "the court must, before imposing sentence, consider various provisions of the [DSL] that will affect the overall length of the term." (Cassou & Taugher, Determinate Sentencing in California: The New Numbers Game (1975) 9 Pacific L.J. 5, 37.)
(4) We conclude that defendant's aggregate prison term cannot be viewed as a series of separate independent terms, but rather must be viewed *69 as one prison term made up of interdependent components. The invalidity of some of those components necessarily infects the entire sentence. To hold otherwise would be to hold that a trial court may not decline to aggravate the sentence for an otherwise aggravated crime due to the overall length of the sentence to be imposed. We decline to so circumscribe a trial court's sentencing discretion. "`Mandatory, arbitrary or rigid sentencing procedures invariably lead to unjust results. Society receives maximum protection when the penalty, treatment or disposition of the offender is tailored to the individual case. Only the trial judge has the knowledge, ability and tools at hand to properly individualize the treatment of the offender. Subject always to legislative control and appellate review, trial courts should be afforded maximum leeway in fitting the punishment to the offender.'" (People v. Williams (1981) 30 Cal.3d 470, 482 [179 Cal. Rptr. 443, 637 P.2d 1029], quoting from People v. Dorsey (1972) 28 Cal. App.3d 15, 18 [104 Cal. Rptr. 326].)
(1b) When defendant's contention is properly viewed it is clear that he is attempting to retain the favorable aspects of the prior judgment while jettisoning the unfavorable aspects. (See In re Blessing (1982) 129 Cal. App.3d 1026, 1028 [181 Cal. Rptr. 590].) Appellate courts have consistently refused to sanction such efforts. (Ibid.; see also People v. Collins (1978) 21 Cal.3d 208, 216 [145 Cal. Rptr. 686, 577 P.2d 1026]; People v. Utter (1973) 34 Cal. App.3d 366, 369 [108 Cal. Rptr. 909].)[3] In sentencing defendant in the first instance the trial court made an error which affected the entire sentencing scheme devised. When we ordered the court to set aside the first judgment and to resentence defendant the court was entitled to reconsider all of its sentencing choices, subject only to the limitation that defendant not be sentenced to a greater aggregate term than the first sentence. On remand defendant was not sentenced to a greater term than the original sentence and the sentence on remand was not prohibited by either state or federal double jeopardy principles.
We likewise reject defendant's contention that his due process rights were violated upon resentencing. Defendant's contention stems from federal cases which have imposed certain due process requirements upon a trial court imposing a more severe sentence after a successful appeal. (North Carolina v. Pearce, supra, 395 U.S. at pp. 725-726 [23 L.Ed.2d at pp. 669-670].) Federal courts have held that due process requires that vindictiveness *70 against a defendant for having successfully attacked his first conviction should not play a part in resentencing, and that fear of such vindictiveness should not be permitted to deter a defendant's exercise of the right of appeal. (Ibid.) Accordingly, under federal principles whenever a trial court imposes a more severe sentence after a successful appeal the reasons for doing so must affirmatively appear, and those reasons must be based upon criteria occurring after the original sentencing. (Ibid.)
The federal cases cited by defendant are of no assistance to him. The same considerations which have led the federal courts to require a statement of reasons for imposition of a greater sentence after a successful appeal led California courts to simply forbid the imposition of a greater term under such circumstances. (5) (See fn. 4.) A successful criminal appellant thus receives far more protection under California law than federal due process principles provide.[4]
In conclusion, we hold that defendant was not sentenced to a series of separate independent prison terms but was sentenced to an overall aggregate term. In making its sentencing choices in the first instance the trial court undoubtedly considered the overall prison term to be imposed and was influenced in its choices by the length of the enhancements. When defendant successfully urged the illegality of his sentence on appeal the illegality did not relate only to a portion of the sentence but infected the whole. On remand the trial court was entitled to reconsider its entire sentencing scheme and neither double jeopardy nor due process principles precluded the sentence imposed upon resentencing.

II

THE MULTIPLE VICTIM FACTOR
(6) Defendant contends the trial court erred in imposing consecutive sentencing by relying upon multiple victims as a reason for doing so. In People v. Humphrey (1982) 138 Cal. App.3d 881 [188 Cal. Rptr. 473], we held that the multiple victim factor applies only to a situation where the defendant is convicted of two or more counts or crimes and at least one of those crimes *71 involves multiple victims. Defendant contends the court violated the rule of Humphrey, noting the court said: "The reason for consecutive sentencing is that the offense involved separate actions committed at different locations with different victims."
California Rules of Court, rule 425, provides the criteria affecting the decision whether to sentence consecutively. The criteria include: "The crimes and their objectives were predominantly independent of each other. [¶] ... The crimes involved separate acts of violence or threats of violence [and] [¶] ... The crimes were committed at different times or separate places, rather than being committed so closely in time and place as to indicate a single period of aberrant behavior." Defendant infers that because the court referred to "different victims" it intended to rely upon the multiple victim factor. We do not so interpret the court's statement. Under the rules of court the more separate and distinct one crime is from another the more justified will be a consecutive sentence. Reasonably construed the court's statement simply refers to the separate and distinct nature of defendant's crimes. Such a factor is well supported by the record. Although defendant's four robberies involved a nearly identical modus operandi, they bore no transactional relationship to each other. (See People v. Savala, supra, 116 Cal. App.3d at pp. 45-47.) We find no error in the imposition of consecutive sentences.
The judgment is affirmed.
Regan, Acting P.J., and Sims, J., concurred.
Appellant's petition for a hearing by the Supreme Court was denied November 25, 1983.
NOTES
[*] Assigned by the Chairperson of the Judicial Council.
[1] The judgment from which defendant appeals is actually the result of the third sentencing hearing in this matter. On resentencing in the second hearing the trial court imposed the upper term of five years as the principal term, but later misspoke itself and stated it was imposing the middle term of three years. When the discrepancy was called to the court's attention the court concluded the error was judicial and could not be corrected. Upon the People's petition we concluded the error was clerical and was subject to correction. We issued a peremptory writ of mandate directing the trial court to recall and resentence defendant in accordance with its true sentencing intention. (People v. Superior Court (Savala) 3 Civil 21664, peremptory writ issued June 29, 1982.) On recall the sentence from which defendant appeals was imposed.
[2] In Bullington v. Missouri (1981) 451 U.S. 430, 446 [68 L.Ed.2d 270, 283, 101 S.Ct. 1852], the court did apply double jeopardy principles to a sentencing matter; however, the court made clear that it did so because of the peculiar nature of a bifurcated death penalty trial under Missouri law. In short, the penalty phase there was an actual trial and the jury's determination that the defendant should not be sentenced to death operated like an "acquittal" on that issue.
[3] People v. Collins (1978) 21 Cal.3d 208 [145 Cal. Rptr. 686, 577 P.2d 1026], and In re Blessing (1982) 129 Cal. App.3d 1026 [181 Cal. Rptr. 590], were concerned with plea bargaining situations in which the favorable results were obtained through a misconception as to the legality of the overall result. No different result should obtain where the favorable aspect of the previous sentence was the result of the trial court's misconception of the legality of the overall sentence to be imposed.
[4] We also reject defendant's claim that he could not properly be sentenced upon the basis of the previous probation report but that a new report had to be prepared. Unlike the federal rule, which permits a more severe sentence upon remand after a successful appeal if the record establishes criteria occurring after the original sentence, California does not permit a more severe sentence on remand and requires that resentencing be based upon factors existing at the time of the original judgment. (People v. Jones (1982) 128 Cal. App.3d 253, 263 [180 Cal. Rptr. 228]; People v. Colley (1980) 113 Cal. App.3d 870, 873 [170 Cal. Rptr. 339]; see also In re Rodriguez (1975) 14 Cal.3d 639, 652 [122 Cal. Rptr. 552, 537 P.2d 384].)