[No. F003225. Fifth Dist. Nov. 21, 1984.]

THE PEOPLE, Plaintiff and Respondent, v.
GEORGE LEON BRADY, Defendant and Appellant.

COUNSEL

Quin Denvir and Frank O. Bell, Jr., State Public Defenders, under appointment by the Court of Appeal, and Mark L. Christiansen, Chief Assistant State Public Defender, for Defendant and Appellant.

John K. Van de Kamp, Attorney General, Eddie T. Keller and Raymond L. Brosterhous II, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

THE COURT.*—Defendant appears before us for the second time, again challenging the procedure followed by the trial court in sentencing him following his conviction of multiple counts of robbery with findings that he had personally used a firearm and had served a prior prison term. In the present appeal, defendant makes no attack upon the underlying convictions. In our previous opinion, we recited the trial court's stated justification for imposing the aggravated term as to the robbery for which defendant was sentenced: " 'As a result of the nature of the offense, the multiple victims that are involved, the great bodily injury, the fact that the victims are particularly vulnerable in this matter, the Court selects the aggravated term of five years as to each Defendant [*sic*] as the base term.' " We remanded for resentencing, holding that (1) " 'the nature of the offense' " was an improper aggravating factor, because it was either a dual use of facts, relating to the firearm use for which an enhancement had been imposed, or because the court failed to refer with sufficient clarity to any other gun use in the case; (2) the trial court's reference to great bodily injury was unsupported factually, and if it meant *threat* of such injury it should have said so, and specified that it was not utilizing action which would have involved a prohibited dual use of facts; and (3) the victims were not particularly vulnerable.

*Before Brown (G. A.), P. J., Andreen, J., and Woolpert, J.

On remand, the trial court again imposed the upper term of five years as to the robbery, stating: "The Court feels that the aggravated term is the proper term.

"There were multiple victims, the extensive criminal history of the Defendant [*sic*], excluding the enhancement of felonies in this matter. The fact that the Court is, the weapon was fired at, not during the commission of the robbery but after the, and when the officers were present, also indicates to the Court that this is a proper term.

"The mitigating factors, if any, are not enough in the Court's opinion to reduce the aggravation, so the Court will impose the aggravated term of five years . . . ."

■ Defendant contends in this appeal that the trial court erred in refusing his request to order a current probation report before resentencing, in failing to consider any mitigating factors, and in failing to comply with our order, contained in our previous opinion, to increase his presentence custody credits from 72 to 73 days. The People argue that no new probation report was necessary, and that any error in that regard was harmless since the trial court (according to the People) "intends to impose a nine-year [*sic*] sentence even on repeated remand," and that the trial court merely rejected any mitigating factors, rather than ignoring them. The People concede that defendant is entitled to an additional day of presentence custody credit.

There is a split in authority in the Court of Appeal with regard to the necessity that a trial court order a current probation report following remand of a matter for resentencing. In *People* v. *Cooper* (1984) 153 Cal.App.3d 480 [200 Cal.Rptr. 317], the First Appellate District recently held that where a defendant was convicted of assault with a deadly weapon, sentenced to the aggravated term, then remanded for resentencing (because the trial court had erroneously found certain factors in aggravation), the trial court was required to obtain a current probation report so that it could be determined whether the defendant's conduct in prison during the pendency of his appeal or a psychiatric report would demonstrate mitigating factors which would convince the resentencing court not to reimpose the upper term. (*Id.*, at pp. 482-484.) However, in *People* v. *Savala* (1983) 147 Cal.App.3d 63 [195 Cal.Rptr. 193], the Third Appellate District held that on remand for resentencing, a trial court could impose an aggravated term even though the original sentence had been for the middle term, so long as the total term of imprisonment did not increase after remand, and, in a footnote, rejected the defendant's claim that the resentencing court should have obtained an updated probation report. (*Id.*, at p. 70, fn. 4.)

If our task was merely a matter of choosing between *Cooper* and *Savala,* we would readily follow the former, because its reliance upon *People* v. *Rojas* (1962) 57 Cal.2d 676 [21 Cal.Rptr. 564, 371 P.2d 300] and its analysis of the 1971 amendment to Penal Code[1] section 1203 are better reasoned and far more persuasive than the brief and incomplete treatment of the issue in *Savala.*[2] However, the present case presents a factual permutation not considered in either decision—defendant herein is statutorily ineligible for probation, pursuant to section 1203.06, subdivision (a)(1)(iii), having personally used a firearm in the commission of a robbery. Since the original justification for a supplemental, updated probation report, as established in *People* v. *Rojas, supra,* 57 Cal.2d at pages 682-683, was that the resentencing court should, to satisfy the purposes and objectives of the law relating to probation, consider whether to grant probation after remand, that justification is missing when the defendant being resentenced may not be admitted to probation under any circumstances.

---

[1] All further statutory references are to the Penal Code.

[2] *People* v. *Savala, supra,* 147 Cal.App.3d 63, premised its holding that no current probation report need be ordered after remand on cases which involved resentencing of defendants whose probation had been revoked, such as *People* v. *Jones* (1982) 128 Cal.App.3d 253, 262-263 [180 Cal.Rptr. 228] and *People* v. *Colley* (1980) 113 Cal.App.3d 870, 872-873 [170 Cal.Rptr. 339]. The issue addressed by those decisions (relevant to the present appeal) was whether defendant's conduct occurring after the original grant of probation could be considered in imposing a term of imprisonment after revocation of probation, and both recognized that pre-determinate sentencing case law (*In re Rodriguez* (1975) 14 Cal.3d 639 [122 Cal.Rptr. 552, 537 P.2d 384]) and California Rules of Court, rule 435(b)(1) prohibited the consideration of such conduct. It does not necessarily follow that because the state may not use conduct occurring after the crime to increase the severity of punishment for that crime, a defendant must be precluded from calling attention to favorable post crime conduct which might mitigate his punishment. Criminal law is not perfectly symmetrical in its treatment of the opposing parties—the state may generally not appeal from a verdict of acquittal even though the defendant is permitted to appeal his conviction, and the rules of discovery are one-sidedly in favor of the defendant, to select two examples.

In addition, post crime conduct by a defendant may under certain circumstances adversely affect the sentencing process. In *People* v. *Redmond* (1981) 29 Cal.3d 904 [176 Cal.Rptr. 780, 633 P.2d 976], the Supreme Court approved a trial court's consideration of the defendant's perjury at trial and his lack of remorse as factors in aggravation justifying imposition of the upper term of imprisonment. (*Id.,* at pp. 913-914.) In *People* v. *Smith* (1974) 42 Cal.App.3d 706 [117 Cal.Rptr. 88], a pre-determinate sentencing case, the Court of Appeal held that the defendant's failure to appear for sentencing and his "patently false" explanation relating thereto were "proper items of consideration in determining the sentence since they bore upon [the defendant's] receptivity to rehabilitation." (*Id.,* at p. 708.)

On the other side of the balance, a defendant's acknowledgment of wrongdoing at an early stage of the criminal process is post crime behavior which may be considered in mitigation of his punishment. (Cal. Rules of Court, rule 423(b)(3).) Even though "the purpose of imprisonment . . . is punishment" (§ 1170, subd. (a)(1)), it makes no sense to draw an arbitrary line at the conclusion of the original sentencing proceeding and preclude consideration by subsequently resentencing courts of positive information regarding the defendant simply because he is statutorily ineligible for probation. (*People* v. *Rojas, supra,* 57 Cal.2d 676 established that post crime conduct could be favorably considered with regard to the grant or denial of probation after remand for resentencing.)

Only two cases have remarked upon eligibility for probation as affecting a resentencing court's duty to obtain an updated probation report: *People v. Ware* (1966) 241 Cal.App.2d 143 [50 Cal.Rptr. 252], decided prior to the 1971 amendment of section 1203 and before enactment of the Determinate Sentencing Act, and *People v. Mariano* (1983) 144 Cal.App.3d 814 [193 Cal.Rptr. 47], a much more recent opinion. In *Ware,* the trial court had originally believed that the defendant was completely ineligible for probation and had sentenced him to prison. (*People v. Ware, supra,* 241 Cal.App.2d at p. 144.) On appeal, it was held that the defendant might be eligible for probation if the sentencing court found that he had not attempted to use a gun or found that the case was "unusual," and the matter was remanded for a determination of those issues. (*Ibid.*) On remand, the trial court found that defendant had used and attempted to use a gun, and that the case was not "unusual," and again sentenced the defendant to prison. (*Id.,* at pp. 144-145.) The defendant again appealed, contending, inter alia, that the trial court should have obtained an updated probation report before making its findings. (*Id.,* at p. 145.)

The Court of Appeal (Second Appellate District) affirmed, distinguishing *People v. Rojas* on the grounds that it had involved a defendant eligible for probation and at large on bail during the pendency of his appeal, while the defendant before the Court of Appeal had been found ineligible for probation and had been imprisoned during his appeal. (*People v. Ware, supra,* 241 Cal.App.2d at pp. 145-146.) "A new probation report could have added nothing except to tell how defendant was getting along in prison. We do not think that such additional information, had it been obtained, would have been of any significance in the trial court's determination as to whether this was an 'unusual' case. If a literal reading of section 1203 required a further reference to the probation department in this case, lack of it did not prejudice the defendant." (*Id.,* at p. 146.)

*People v. Mariano, supra,* 144 Cal.App.3d 814, involved a defendant who obtained a remand for resentencing after appeal and who *was* eligible for probation on resentencing; the trial court refused to obtain an updated probation report and sentenced the defendant to prison. (*Id.,* at pp. 817-818.) The defendant again appealed, contending, inter alia, that the resentencing court should have obtained a current probation report. (*Id.,* at p. 819.) In holding that the trial court should have ordered a current probation report, the Court of Appeal for the First Appellate District used the following language: "[T]he court was obliged to obtain a supplemental probation report *if, at the time of resentencing, it had authority to consider alternative dispositions to imprisonment such as probation or commitment to the Youth Authority.* [Citations.]" (*Id.,* at p. 822, italics added.)

Taking *Ware* and *Mariano* at face value, it would follow that no new probation report need be obtained where the defendant being resentenced is completely ineligible for probation. Since passage of the Determinate Sentencing Act, however, a sentencing court must do much more than simply determine whether to admit a defendant to probation or to send him to prison for "the term prescribed by law." As implicitly recognized by the *Cooper* court, the probation report bears directly and influentially upon the *length* of a defendant's imprisonment, by affecting whether the trial court finds factors in aggravation or mitigation, the balancing of those factors, and the decision whether to impose concurrent or consecutive sentences. Taken literally, the language of section 1203, subdivision (b), that a probation report be prepared "[i]n every case in which a person . . . is eligible for probation . . .," would permit a trial court to refuse to order an *initial* probation report where, as here, the crimes committed precluded consideration of probation as a sentencing option. Yet section 1170, subdivision (b) manifestly contemplates a probation report being available for the trial court's consideration *as to the selection of a term of imprisonment*: "In determining whether there are circumstances that justify imposition of the upper or lower term, the court may consider the record in the case, *the probation officer's report*, other reports including reports received pursuant to Section 1203.03 and statements in aggravation or mitigation submitted by the prosecution or the defendant, and any further evidence introduced at the sentencing hearing." (Italics added.) California Rules of Court, rule 419(a)(8)(i) assumes that a sentencing court will have a probation report bearing upon the issue of eligibility for probation itself, and in subdivision (a)(8)(ii) directs the probation officer to discuss "factors affecting sentence length."

The *Ware* court's notion that a defendant's behavior while incarcerated during the pendency of an appeal would have no bearing upon a subsequent resentencing was recently rejected in *Van Velzer* v. *Superior Court* (1984) 152 Cal.App.3d 742 [199 Cal.Rptr. 695], in which the Fourth Appellate District held that a current probation report prepared after remand for resentencing should include information concerning the defendant's performance while incarcerated after the original sentencing. (*Id.*, at pp. 744-745.) It is worthy of note that in some circumstances, a trial court would have discretion pursuant to section 1385 to strike a finding which rendered the defendant ineligible for probation and thus place the defendant in the "normal" section 1203, subdivision (b) posture.[3] (See *People* v. *Marsh* (1984) 36 Cal.3d 134, 142-144 [202 Cal.Rptr. 92, 679 P.2d 1033].) Even for a defendant who remains completely and unalterably ineligible for probation,

---

[3] Where, as here, the defendant falls within the ambit of section 1203.06, or any similar statutory provision (e.g., §§ 1203.066, 1203.075), utilization of section 1385 to strike the finding of firearm use is precluded. (*People* v. *Tanner* (1979) 24 Cal.3d 514 [156 Cal.Rptr. 450, 596 P.2d 328].)

the statutory and policy justifications identified by *People* v. *Rojas, supra,* 57 Cal.2d at pages 682-683, for requiring a current probation report on resentencing are even more meaningful in the postdeterminate sentencing era with regard to the myriad decisions a trial court must make regarding the length of such a defendant's term of imprisonment. Consequently we hold that upon remand for resentencing, even when the defendant is ineligible for probation, if the resentencing court has discretion to alter the length of the defendant's imprisonment, it must obtain a new, updated probation report, including information regarding the defendant's behavior while incarcerated during the pendency of any appeal, before proceeding with the resentencing.

The judgment is reversed and the cause remanded to the trial court with directions to order a current probation report which includes information regarding defendant's behavior during the pendency of his appeals, and, giving due consideration to that report, to resentence defendant. In light of this disposition, we do not address defendant's contention regarding the court's consideration of mitigating factors. We again direct the trial court to include an additional day of presentence custody credit attributable to the 147 days defendant spent in custody prior to his original sentencing, so that a total of 73 days' credit is awarded applicable to that period. In order to preserve the appearance of fairness, and not because we have any doubts as to the impartiality or objectivity of the able trial judge, we further direct that the resentencing be assigned to a different judge. (*People* v. *Kaanehe* (1977) 19 Cal.3d 1, 15 [136 Cal.Rptr. 409, 559 P.2d 1028]; *People* v. *Leroy* (1984) 155 Cal.App.3d 602, 607 [202 Cal.Rptr. 88]; *People* v. *Daugherty* (1981) 123 Cal.App.3d 314, 323 [176 Cal.Rptr. 500].)