Filed 9/8/20  P. v. Reed CA5

<u>**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**</u>

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

# FIFTH APPELLATE DISTRICT

|  |  |
|---|---|
| THE PEOPLE,<br><br>      Plaintiff and Respondent,<br><br>            v.<br><br>JOHN REED,<br><br>      Defendant and Appellant. | F079549<br><br>(Super. Ct. No. F18907842)<br><br><br>**OPINION** |

-ooOoo-

## THE COURT[*]

APPEAL from a judgment of the Superior Court of Fresno County.  W. Kent Hamlin, Judge.

John L. Staley, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Eric L. Christoffersen and Robert C. Nash, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

[*]      Before Detjen, Acting P.J., Meehan, J. and Snauffer, J.

Defendant John Reed contends on appeal that the one-year prior prison term enhancement, imposed based on his prior felony conviction for attempted robbery, should be stricken pursuant to Penal Code section 667.5, subdivision (b),[1] as amended by Senate Bill No. 136 (2019–2020 Reg. Sess.) (Senate Bill 136). The People concede the enhancement should be stricken. We accept the People's concession and strike the prior prison term enhancement. In all other respects, we affirm.

## PROCEDURAL SUMMARY

On March 8, 2019,[2] the Fresno County District Attorney charged defendant with assault upon a custodial officer (§ 241.1; count 1), attempted battery by gassing (§§ 243.9, subd. (a), 664; count 2), and attempted battery on a non-confined person (§§ 243.15, 664; count 3). The information further alleged defendant had suffered four prior felony "strike" convictions within the meaning of the "Three Strikes" law (§§ 667, subds. (b)–(i), 1170.12, subds. (a)–(d)), and had served one prior prison term (§ 667.5, subd. (b)).

On May 20, the trial court dismissed count 3 on the district attorney's motion.

On May 21, the jury found defendant guilty on counts 1 and 2. On May 22, in a bifurcated proceeding, the jury found that defendant had suffered the four prior strike convictions and had served a prior prison term for attempted robbery.

On June 13, the court struck three of the four prior strike conviction allegations. The court then sentenced defendant to seven years in prison as follows: on count 1, the upper term of three years, doubled to six years because of the remaining prior strike conviction, plus a one-year prior prison term enhancement; on count 2, one-half of the upper term of two years, doubled to four years because of the prior strike conviction, stayed pursuant to section 654.

---

[1]     All further statutory references are to the Penal Code unless otherwise stated.

[2]     All further dates refer to the year 2019 unless otherwise stated.

2.

On June 27, defendant filed a notice of appeal.

## FACTUAL SUMMARY

On November 15, 2018, while in custody in the Fresno County Jail, defendant threw a cup of urine in the direction of a correctional officer and a medical assistant.

## DISCUSSION

Defendant argues his prior prison term enhancement must be stricken based on the retroactive application of Senate Bill 136. The People agree, as do we.

Effective January 1, 2020, Senate Bill 136 amended section 667.5, subdivision (b) to limit application of prior prison term enhancements to only prior prison terms that were served for sexually violent offenses as defined by Welfare and Institutions Code section 6600, subdivision (b). (§ 667.5, subd. (b).) (Stats. 2019, ch. 590, § 1.) That amendment applies retroactively to all cases not yet final on Senate Bill 136's effective date. (*People v. Lopez* (2019) 42 Cal.App.5th 337, 341–342, citing *In re Estrada* (1965) 63 Cal.2d 740, 742.)

Here, the trial court imposed a one-year section 667.5, subdivision (b) prior prison term enhancement based on defendant's conviction for attempted robbery, which is not a sexually violent offense as defined in Welfare and Institutions Code section 6600, subdivision (b). On January 1, 2020, defendant's case was not yet final. Therefore, as the parties agree, defendant is entitled to the ameliorative benefit of Senate Bill 136's amendment to section 667.5, subdivision (b).

The only question on which the parties do not agree is whether we should strike the prior prison term enhancement and direct the trial court to issue an amended abstract of judgment or remand the matter to the trial court with the direction to strike the enhancement and resentence in consideration of the entire sentencing scheme. The People contend that this matter should be remanded for resentencing. They note that the court struck three prior strike conviction allegations and argue that "[i]t is speculative whether the trial court would have reached the same sentencing decision had it known

3.

[defendant] would not be receiving the prior prison term enhancement." Defendant responds that no remand is necessary because the trial court imposed the maximum available sentence on count 1 in light of the single strike conviction that remained after the trial court struck the other three strike conviction allegations—the court imposed the upper term of three years, doubled to six years. Defendant further argues that the trial court could not "lawfully change [his] sentence to arrive at the same seven[-]year sentence" and cannot sentence him to more than seven years in custody.

Defendant is only partially correct. Defendant is incorrect that the trial court imposed the maximum available sentence on count 1. The decision of whether to strike a prior strike conviction allegation is part of the court's sentencing discretion. (See *People v. Carmony* (2004) 33 Cal.4th 367, 374.) By striking three prior strike conviction allegations, lowering the term (without enhancements) from 25 years to life to six years, the trial court exercised its discretion to impose a sentence less than the maximum available sentence.

However, defendant is correct in the more meaningful respect—because the prior prison term enhancement must be stricken, the trial court on remand could not arrive at a sentence higher than six years that did not also impermissibly exceed seven years. Generally, when an action is remanded to a trial court for resentencing, the court is permitted to impose the same sentence it originally imposed if some other appropriate method of sentence calculation exists to reach the same result. (See *People v. Torres* (2008) 163 Cal.App.4th 1420, 1431–1433.) However, a trial court cannot impose a *higher* sentence in that situation.[3] (*Id.* at pp. 1432–1433; see *Serrato*, *supra*, 9 Cal.3d at

---

[3] The exception, not relevant here, is when the trial court erred in the first instance by imposing an unauthorized sentence. (*People v. Serrato* (1973) 9 Cal.3d 753, 764 (*Serrato*), overruled on other grounds in *People v. Fosselman* (1983) 33 Cal.3d 572, 583, fn. 1.) In such a case, a more severe sentence could be imposed on resentencing than was originally imposed. (*Ibid.*)

p. 764; *People v. Mustafaa* (1994) 22 Cal.App.4th 1305, 1310–1312.)  That rule exists to prevent vindictiveness against a defendant who successfully attacks his sentence on appeal.  (*People v. Price* (1986) 184 Cal.App.3d 1405, 1409; *People v. Savala* (1983) 147 Cal.App.3d 63, 69–70, overruled on other grounds in *People v. Foley* (1985) 170 Cal.App.3d 1039, 1044; *see People v. Kelly* (1999) 72 Cal.App.4th 842, 844–845.)

Here, the trial court on remand would not be *permitted to impose* a sentence greater than the original sentence—seven years of imprisonment.  Based on the offenses of conviction and special allegations found true, the maximum sentence that the trial court could impose without exceeding seven years is six years.  Specifically, the base term for conviction of battery by gassing of a peace officer is punishable as a misdemeanor or by imprisonment for two, three or four years (§ 243.9, subd. (a)), and the base term for conviction of assault on a custodial officer is punishable as a misdemeanor or by imprisonment for 16 months, or two or three years (§§ 241.1, 1170, subd. (h)(1)).  Application of the Three Strikes law based on two prior strike convictions would result in a term of 25 years to life.  If only one prior strike conviction was applied, the available sentences would be four, six, or eight years on the battery by gassing conviction or three, four, or six years on the assault on a custodial officer conviction.  No other sentencing enhancements were alleged or proved and therefore none could be applied.  And, because counts 1 and 2 were based on the same conduct, the court was required to stay the sentence on count 2 pursuant to section 654.  Therefore, if we remanded the matter, the trial court could not impose a sentence in excess of six years that did not also impermissibly exceed seven years.  For that reason, remand to the trial court for resentencing " ' "would be an idle act and is not required." ' "  (*People v. McDaniels* (2018) 22 Cal.App.5th 420, 425.)  Accordingly, we strike the prior prison term enhancement and direct the trial court to issue an amended abstract of judgment reflecting the modified sentence.

## **DISPOSITION**

The prior prison term enhancement (§ 667.5, subd. (b)) is stricken. The trial court is directed to prepare an amended abstract of judgment removing the prior prison term enhancement. The trial court shall forward a copy of the amended abstract of judgment to the appropriate entities. As so modified, the judgment is affirmed.