Filed 5/17/21  P. v. Morales CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>ELADIO CORTEZ MORALES,<br><br>    Defendant and Appellant. | H047313<br>(Santa Clara County<br>Super. Ct. No. FF513517) |

In 2007, defendant Eladio Cortez Morales pleaded no contest to two counts of assault with a deadly weapon and admitted various allegations including firearm and gang enhancements.  The trial court imposed a total term of 22 years four months in prison.

In 2018, the Secretary of the California Department of Corrections and Rehabilitation (the Secretary) recommended to the trial court that it recall Morales's sentence and resentence him under Penal Code section 1170, subdivision (d).[1]  The trial court declined to do so, and Morales now appeals.

For the reasons below, we conclude the trial court did not abuse its discretion in declining to recall the sentence.  We will affirm the trial court's ruling.

---

[1] Subsequent undesignated statutory references are to the Penal Code.

## I. FACTUAL AND PROCEDURAL BACKGROUND

### A. Procedural Background

Around 2005, the prosecution charged Morales with four counts: Counts 1 and 2—attempted murder (§§ 664, subd. (a), 187); and count 3 and 4—assault with a deadly weapon (§ 245, subd. (a)(1)). As to all four counts, the information further alleged gang and firearm enhancements (§§ 186.22, subd. (b)(1)(C), 12022.5, subd. (a), 12022.53, subd. (d), 12022.7, subd. (a)). Morales pleaded no contest to two counts of assault with a deadly weapon and admitted enhancements for using a firearm, personally inflicting great bodily injury, acting for the benefit of a criminal street gang, and one additional firearm enhancement. In 2007, the trial court imposed a total term of 22 years four months in state prison. This term consisted of three years for assault with a deadly weapon; one year for the other count of assault with a deadly weapon; three years for the great bodily injury enhancement under section 12022.7, subdivision (a); 10 years for the gang enhancement; four years for a firearm enhancement under section 12022.5, subdivision (a); and one year four months for another firearm enhancement under section 12022.5, subdivision (a).

In 2018, the Secretary recommended to the trial court that it recall Morales's sentence and resentence him under section 1170, subdivision (d). The Secretary's letter stated, "At sentencing, the trial court imposed two sentence enhancements: 12022.7 and 186.22, subdivision (b)(1)(C). Both sentence enhancements were attached to inmate Morales's section 245 offense." The letter cited *People v. Gonzalez* (2009) 178 Cal.App.4th 1325 (*Gonzalez*), for the proposition that the trial court should not have imposed both enhancements because they were both based on the same great bodily injury inflicted in the course of the underlying offense.

The prosecution filed a written opposition to the recall on the ground that resentencing would deprive the prosecution of the benefit of the bargain it received as part of Morales's plea agreement. The prosecution further argued that resentencing

would violate the separation of powers between the executive and judicial branches of government.  Morales argued the trial court should defer to the Secretary's recommendation and recall the sentence.  The prosecution emphasized the seriousness of Morales's offense and pointed out that he had committed several rules violations while in custody.

After a hearing on the matter, the trial court declined to adopt the Secretary's recall recommendation.

## B. *Facts of the Offense[2]*

In October 2005, Morales and a friend were at a discount store with some female friends when they encountered two other males who were also accompanied by female friends.  The females associated with the two groups "mad dogged" each other.  An argument ensued outside the store, whereupon Morales and his friend identified themselves as Sureños.  Morales and his friend went to their vehicle, where Morales took a shotgun out of the trunk.  He fired one round of birdshot, striking two of the victims before leaving the scene.  After the police located Morales, he admitted being a Sureño gang member and said he had been "jumped into" the South Side Locos in Hollister.  Morales was 17 years old at the time of the offense.

## II. DISCUSSION

Morales contends the trial court's denial of the Secretary's recall recommendation was an abuse of discretion.  He further argues the sentence was unauthorized under *Gonzalez*, *supra*, and that we should correct it by striking the three-year enhancement for great bodily injury on count 3.  The Attorney General contends the trial court's ruling was not an abuse of discretion.  The Attorney General concedes the original sentencing court should not have imposed one of the enhancements under *Gonzalez*, but he argues

---

[2] The facts are taken from the probation report.

Morales is estopped from raising the issue on appeal because he entered into a plea agreement with a stipulated sentence.

### A. Legal Principles

Section 1170, subdivision (d)(1) provides in part that a court may, upon the recommendation of the Secretary, "recall the sentence and commitment previously ordered and resentence the defendant in the same manner as if they had not previously been sentenced, provided the new sentence, if any, is no greater than the initial sentence. The court resentencing under this subdivision shall apply the sentencing rules of the Judicial Council so as to eliminate disparity of sentences and to promote uniformity of sentencing. The court resentencing under this paragraph may reduce a defendant's term of imprisonment and modify the judgment, including a judgment entered after a plea agreement, if it is in the interest of justice. The court may consider postconviction factors, including, but not limited to, the inmate's disciplinary record and record of rehabilitation while incarcerated, evidence that reflects whether age, time served, and diminished physical condition, if any, have reduced the inmate's risk for future violence, and evidence that reflects that circumstances have changed since the inmate's original sentencing so that the inmate's continued incarceration is no longer in the interest of justice." (§ 1170, subd. (d)(1).)

"An order declining to follow the Secretary's recommendation pursuant to section 1170, subdivision (d)(1), is an appealable order." (*People v. Frazier* (2020) 55 Cal.App.5th 858, 863, fn. 2). "We review the court's order declining to follow the Secretary's recommendation for abuse of discretion." (*Id.* at p. 863.)

### B. The Trial Court Did Not Abuse Its Discretion in Declining to Recall the Sentence

The original sentencing court imposed a three-year term for the great bodily injury enhancement under section 12022.7, subdivision (a), in addition to a 10-year term for the gang enhancement under section 186.22, subdivision (b)(1)(C). "When two or more

4

enhancements may be imposed for the infliction of great bodily injury on the same victim in the commission of a single offense, only the greatest of those enhancements shall be imposed for that offense." (§ 1170.1, subd. (g).) Here, the same infliction of great bodily injury was used to find that the underlying assault was a "violent felony" under section 667.5, resulting in an aggravated 10-year term for the gang enhancement. The parties agree that since both enhancements were imposed based on the infliction of great bodily injury on the same victim in the commission of a single offense, imposition of both enhancements was precluded, and only the greater 10-year gang enhancement should have been imposed. (*Gonzalez*, *supra*, 178 Cal.App.4th at pp. 1331-1332.)

The trial court nonetheless declined the Secretary's recommendation to recall the sentence. In doing so, the court stated, "The court is satisfied that the statute does allow to recall the sentence, even in the case of a plea bargain, that was made between the people and the defense, if the court believes that the recall of that sentence is in the interest of justice. [¶] So the court has endeavored to determine whether or not it is in the interest of justice to recall the sentence. [¶] And I will tell you that, in doing that, I have struggled with the idea that I do not think it's the court's place to re-litigate the settlement that was originally bargained for by both sides. [¶] I think the finality of judgments is important, and I think that the court should not simply go back and redetermine whether or not a different sentence would have been appropriate or acceptable at the time. [¶] So what I've endeavored to look at, based on the factors the court can consider, whether or not it is in the interest of justice to recall the sentence. On the one hand, I think that there is—the court does need to weigh the fact that this was an agreement between the parties. I think that is a factor to be considered. [¶] I've considered the defendant's age—at the time of the offense and his conduct since the offense—that's been documented in the papers. [¶] And while the defendant's performance in prison I don't think can be characterized as terrible, he does have infractions that have been noted. None of them are for an act of violence, which I think

5

would be virtually disqualifying in this situation. [¶ And while there are no acts of violence in that situation, there are infractions—and there are several of them—for violations that do give the court some concern and I think are relevant to consider. [¶] So in the balancing of all that, in determining whether or not it is in the interest of justice to withdraw—or to recall the sentence at this point, the court cannot say at this point that it believes it is in the interest of justice to recall the sentence for Mr. Morales, despite the recommendation of the Secretary of the Department of Corrections."

Morales contends the trial court abused its discretion because the court cited factors not "in the interest of justice" under section 1170, subdivision. He notes the statute expressly allows for modification of a sentence after a plea agreement, and he argues the court's emphasis on the finality of judgments goes against public policy and the legislative intent underlying the law, citing *Doe v. Harris* (2013) 57 Cal.4th 64 (a plea agreement is deemed to incorporate and contemplate not only the existing law but the power of the state to amend the law or enact additional laws for the public good and in pursuance of public policy). That case did not involve section 1170, but in any event, no authority cited by Morales would make the trial court's reliance on the finality of the judgment an abuse of discretion in this instance. Section 1170 enumerates factors a court "may consider" but does not prohibit the court from considering the finality of the judgment. Moreover, the court here considered other factors, including Morales's age and conduct in prison since the time of the offense, and the court reached its conclusion after balancing various factors.

Morales also argues the trial court abused its discretion because the sentence here was unauthorized under *Gonzalez*, *supra*, 178 Cal.App.4th at pages 1331-1332. As a general matter, an appellate court may correct a legal error resulting in an unauthorized sentence at any time. (*People v. Sanders* (2012) 55 Cal.4th 731, 743, fn. 13; *People v. Scott* (1994) 9 Cal.4th 331, 354 & fn. 17.) The Attorney General concedes the sentence was unauthorized, but he argues that principles of estoppel preclude us from correcting it

6

because Morales entered into a plea bargain with a stipulated sentence to avoid a much harsher sentence.

We find the Attorney General's side of this argument to be the more persuasive. "When a defendant maintains that the trial court's sentence violates rules which would have required the imposition of a more lenient sentence, yet the defendant avoided a potentially harsher sentence by entering into the plea bargain, it may be implied that the defendant waived any rights under such rules by choosing to accept the plea bargain." (*People v. Couch* (1996) 48 Cal.App.4th 1053, 1057.)  Morales faced two charges of attempted murder, and he entered into a plea agreement with a stipulated sentence, thereby avoiding a much harsher punishment.

In response to this argument, Morales cites cases in which courts found a defendant who had entered a plea agreement with a stipulated sentence was entitled to resentencing under section 1170.  (*People v. Arias* (2020) 52 Cal.App.5th 213; *People v. Federico* (2020) 50 Cal.App.5th 318.)  In both cases, however, the trial courts granted the recall motions and resentenced the defendants under section 1170.  Those cases are inapposite here, where we review the court below only to determine whether it abused its discretion.  We conclude it did not.

Morales argues the Secretary's recommendation was "entitled to great deference," and he asserts the trial court's analysis was flawed because it failed to give adequate consideration to his age, maturity, and rehabilitative efforts.  Morales cites no authority providing that a trial court must give deference to the Secretary's recommendation, and the trial court set forth the reasons for its conclusion—including its consideration of Morales's age and conduct in custody.  Nothing in this analysis constituted an abuse of discretion.

Even if we were convinced the trial court abused its discretion, we lack the power to grant Morales the relief he requests—that we strike the three-year enhancement and correct the sentence on appeal.  (Cf. *In re Harris* (1993) 5 Cal.4th 813, 842 [a court of

appeal may correct an unauthorized sentence whenever the error comes to the attention of the court].) On appeal from a denial of a recommendation to recall under section 1170(d), our power is more limited: we may only reverse the decision not to recall and then remand to the trial court for resentencing. (*People v. Savala* (1983) 147 Cal.App.3d 63, 65.)

For the reasons above, we will affirm the trial court's decision not to recall the sentence.

### III.   DISPOSITION

The trial court's ruling declining to recall the sentence is affirmed.

_____
Greenwood, P.J.

WE CONCUR:


_____
 Grover, J.


_____
 Danner, J.


People v. Morales
No. H047313