[Crim. No. 36445. Second Dist., Div. One. Dec. 23, 1980.]

THE PEOPLE, Plaintiff and Respondent, v.
RONALD WALKER COLLEY, Defendant and Appellant.

COUNSEL

Stephen M. Fox, under appointment by the Court of Appeal, for Defendant and Appellant.

George Deukmejian, Attorney General, Robert H. Philibosian, Chief Assistant Attorney General, S. Clark Moore, Assistant Attorney General, Norman H. Sokolow and Howard J. Schwab, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**HANSON (Thaxton), J.**—Ronald Walker Colley was sentenced to state prison after the probation previously granted him had been revoked. He appeals contending, in essence, that the trial court erred by fixing his sentence at the upper four-year term.

We set forth the procedural history of the case since it concededly played a role in the sentencing court's decision. Appellant was originally convicted by plea of first degree burglary (Pen. Code, §§ 459, 460) on December 6, 1977. Proceedings were suspended and probation was granted upon certain terms and conditions including, inter alia, the service of one year in the county jail.

On January 5, 1978, he was found in violation of probation and sentenced to state prison for the middle three-year term. At that time, however, the court invoked the provisions of Penal Code section 1170,

subdivision (d), and thereafter recalled this sentence, notwithstanding a report from the Department of Corrections that appellant was a potential recidivist. Once again proceedings were suspended and probation was granted.

The Department of Corrections' prophetic report proved to be correct and appellant was subsequently convicted of petty theft resulting in the instant revocation proceedings. At the time it reimposed sentence the trial court said:

"Well, I think he's been asking for the high base term. The court has given him every conceivable break. [I] sentence[d] him to state prison on the mid term under 1170(d) to receive a diagnostic study, the Department of Corrections came back and said reci[di]vism possibilities were great in this case. The court decided to give him the break, probably listening to the persuasive powers of counsel and going against the court's better judgment recalled the sentence. Now I think he is entitled to the full measure of the law.

"Probation is ordered revoked. The defendant is ordered sentenced to state prison. The court will fix as the base term the upper term for the reasons stated that he has rejected the leniency of the court, he has an extensive criminal background and record. The court's tried every possible rehabilitative tool available to it and they all have failed. Perhaps long term custody will succeed where leniency and efforts of the court at rehabilitation have failed. The defendant is remanded to the custody of the sheriff to serve his sentence. Good luck to you."

■ Appellant's contention is meritorious. California Rules of Court, rule 435(b)(1) provides: "Upon revocation and termination of probation pursuant to section 1203.2, when the sentencing judge determines that the defendant shall be committed to prison: [¶] If the imposition of sentence was previously suspended, the judge shall impose judgment and sentence after considering any findings previously made and hearing and determining the matters enumerated in rule 433(c).[1] [¶] The

---

[1]Rule 433 (c), provides: "If a sentence of imprisonment is to be imposed, or if the execution of a sentence of imprisonment is to be suspended during a period of probation, the sentencing judge shall: [¶] (1) Hear evidence in aggravation and mitigation and determine, pursuant to section 1170(b), whether to impose the upper, middle or lower term; and set forth on the record the facts and reasons for imposing the upper or lower term. [¶] (2) Determine whether any additional term of imprisonment provided for an enhancement charged and found shall be stricken. [¶] (3) Determine whether the sentences shall be consecutive or concurrent if the defendant has been convicted of

length of the sentence *shall be based on circumstances existing at the time probation was granted and subsequent events may not be considered in selecting the base term* nor in deciding whether to strike or specifically not order the additional punishment for enhancements charged and found." (Italics added.)

The Judicial Council's Advisory Committee comment to this rule is: "The restriction of subdivision (b)(1) is based upon *In re Rodri[g]uez* (1975) 14 Cal.3d 639, 652 [122 Cal.Rptr. 552, 537 P.2d 384]; '[T]he primary term must reflect the circumstances existing at the time of the offense.'"

The Indeterminate Sentence Law case of *In re Rodriguez* delineated the crucial differences between the Adult Authority's (now known as the Board of Prison Terms) power to fix primary terms and its power to grant and rescind parole. The court unequivocally declared that once a primary term had been established and a defendant released on parole, his subsequent violation and reimprisonment could only require that he serve the remainder of his previously determined term. Put another way, the Adult Authority could not "refix" the primary term in a more onerous fashion *based upon subsequent conduct*. (At pp. 652-653.) This principle has carried over into the determinate sentence law in the setting of terms by the trial court.

In the instant case, it is readily apparent that the court's selection of the upper term the second time it sentenced appellant was based upon its consideration of his subsequent conduct in the manner proscribed in *In re Rodriguez, supra*, 14 Cal.3d 639, and by the Judicial Council in its adoption of rule 435 (b)(1).

Our record does not indicate that at the time probation was originally granted the trial court made any findings which could then have justified imposition of the upper term. Obviously, by its previous selection of the middle term of imprisonment when appellant's probation was revoked on the first occasion, the trial court did not make any findings which would have then supported the selection of the upper term.

---

multiple crimes. [¶] (4) Determine any issues. raised by statutory prohibitions on the dual use of facts and statutory limitations on enhancements, as required in rules 441 and 447. [¶] (5) Pronounce the court's judgment and sentence, stating the terms thereof and giving reasons for those matters for which reasons are required by law."

While on the latest occasion the court did allude to appellant's "extensive criminal background and record" (*ante*) such factor could only have supported the selection of the upper term if it were predicated upon appellant's record *prior to the original grant of probation.* By its interim selection of the middle term, the court had necessarily determined that this record was not then sufficient to warrant imposition of the upper term. In such circumstances, we deem it appropriate to simply modify the sentence imposed to the middle three-year term. (Pen Code, § 1260.)

The judgment is modified to show that appellant is sentenced to state prison for the middle term of three years. As so modified, the judgment is affirmed.

Spencer, P. J., and Lillie, J., concurred.