[Crim. No. 38595. Second Dist., Div. Five. Aug. 12, 1982.]

THE PEOPLE, Plaintiff and Respondent, v.
KENNETH McKINZIE, Defendant and Appellant.

.COUNSEL

Quin Denvir, State Public Defender, under appointment by the Court of Appeal, and Landra E. Rosenthal, Deputy State Public Defender, for Defendant and Appellant.

George Deukmejian, Attorney General, Robert H. Philibosian, Chief Assistant Attorney General, S. Clark Moore, Assistant Attorney General, Gary R. Hahn and Donald E. de Nicola, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

**ASHBY, J.**—Upon a submission on the preliminary hearing transcript, appellant was found guilty of attempted burglary.[1] The court suspended the pronouncement of judgment and placed appellant on probation for three years.

■ The sole contention is that in granting probation the court failed to comply with rule 433(b), California Rules of Court, which provides: "(b) If the imposition of sentence is to be suspended during a period of probation after a conviction by trial, the trial judge shall make factual findings as to circumstances which would justify imposition of the upper or lower term if probation is later revoked, based upon evidence admitted at the trial."

The court did state "that an appropriate sentence to State Prison in this matter would be the upper term of 1-1/2 years." However, the court did not make any factual findings of the underlying circumstances in aggravation or mitigation.

---

[1]The preliminary hearing transcript shows that a neighbor caught appellant and co-defendant Robbs attempting to break into the victim's home.

The advisory committee comment to rule 433(b) states, "Pursuant to the last sentence in section 1170(b),[2] under subdivision (b) when imposition of sentence is to be suspended, the sentencing judge is not to make any determinations as to the possible length of a prison term upon violation of probation. If there was a trial however, he must make findings as to the circumstances justifying the upper or lower term based on the trial evidence." (Judicial Council of Cal., Annual Rep. (1978) p. 19.)

Thus the trial court should not have stated what an "appropriate sentence" would be in the event of probation revocation, but should only have made findings, based on the trial evidence, as to aggravating or mitigating circumstances. The court made no such findings.

The purpose of rule 433(b) is to assist a later court, upon revocation of probation, to determine what mitigating or aggravating circumstances existed at the time probation was originally granted. This is because rule 435(b)(1) provides that in imposing judgment after revocation of probation the court must "consider[ ] any findings previously made" and determine the sentence *based on circumstances existing at the time probation was granted* and not upon subsequent events. (See advisory committee comment to rule 435, Judicial Council of Cal., Annual Rep. (1978), *supra*, p. 20.) The purpose of having the originating court make the findings, where there has been a conviction by trial, is efficiency. The originating court, having just heard the trial evidence, is in the better position to determine what mitigating and aggravating circumstances exist. It usually would be awkward for the revoking court, perhaps several years later, to review a mass of trial evidence. (Cassou & Taugher, *Determinate Sentencing in California* (1978) 9 Pacific L.J. 1, 69-70.)

Rule 433(b) applies only "after a conviction by trial" and the required findings are to be made "based upon evidence admitted at the trial." Thus it does not apply to a guilty plea, where the facts of the crime have not been tried. Although a submission on the preliminary

---

[2]The last sentence of Penal Code section 1170, subdivision (b), provides: "A term of imprisonment shall not be specified if imposition of sentence is suspended."

We deal here with a case where *imposition* of sentence was' suspended. The rules are different when the originating court sentences the defendant but suspends *execution* of the sentence. In the latter case the originating court determines the sentence and the revoking court simply orders the previously pronounced judgment into full force and effect. (Pen. Code, § 1203.2, subd. (c); Cal. Rules of Court, rules 433(c), 435(b)(2).)

hearing transcript may be tantamount to a guilty plea for some purposes (*In re Mosley* (1970) 1 Cal.3d 913, 927 [83 Cal.Rptr. 809, 464 P.2d 473]), it is still a trial. The court must read the transcript and weigh the evidence. (*People* v. *Martin* (1973) 9 Cal.3d 687, 693-695 [108 Cal.Rptr. 809, 511 P.2d 1161]; *Bunnell* v. *Superior Court* (1975) 13 Cal.3d 592, 602 [119 Cal.Rptr. 302, 531 P.2d 1086].) Since the originating court must read the transcript and weigh the evidence, it is appropriate for that court to make the findings required by rule 433(b).

■   The question remains, however, whether the matter should be remanded for the trial court to make factual findings under rule 433(b). We conclude it should not be remanded, and that the purpose of the rule to promote efficient use of judicial resources is better served in this case by striking the invalid portion of the order and leaving it to the revoking judge, should that occasion ever arise, to determine the mitigating and aggravating circumstances.

The findings required by rule 433(b) are irrelevant if probation is successfully completed. We are loath to require the trial court to hold another hearing which may turn out to be wholly unnecessary.

In this case it is most efficient to allow the revoking court, should the occasion arise, to make the findings. Here the revoking court would need only to read a 28-page preliminary hearing transcript and the original probation reports.[3] It is now approximately two years since the granting of probation, and the circumstances of the trial will not be fresh in the original judge's mind. Furthermore, we note that the trial judge was a retired judge sitting by assignment. He might not even be available for a hearing on remand. If a different judge would have to conduct the hearing on remand anyway, the matter may just as well be left to the revoking judge if appellant violates probation.

Since the trial court did not make the findings required by rule 433(b), there will be no findings for the revoking court to consider under rule 435(b)(1), and the revoking court will be free to make its own

---

[3]Actually it appears that the trial court's comment that the upper term would be appropriate was based upon appellant's record rather than the circumstances of the crime. The transcript does not reveal any mitigating circumstances of the crime (rule 423(a), Cal. Rules of Court). The only aggravating circumstance in the transcript is that appellant appeared to occupy a position of leadership (rule 421(a)(5), Cal. Rules of Court.) Appellant did the prying and window breaking, while Robbs just stood around.

determination of the mitigating and aggravating circumstances. The portion of the order which purports to determine the sentence should be stricken. Striking that portion will not preclude the revoking court from finding aggravating circumstances and sentencing appellant to the upper term in the court's discretion.

The provision of the order granting probation which states: "The court finds that an appropriate sentence to State Prison in this matter would be the upper term of 1-1/2 years" is stricken, without prejudice to the finding of aggravating circumstances by a future court in the event of revocation of probation. As so modified, the judgment (order granting probation) is affirmed.

Stephens, Acting P. J., and Hastings, J., concurred.