[Crim. No. 42579. Second Dist., Div. Four. June 14, 1983.]

THE PEOPLE, Plaintiff and Respondent, v.
KENNETH DWAYNE GUNN, Defendant and Appellant.

## COUNSEL

Quin Denvir, State Public Defender, under appointment by the Court of Appeal, and Adrian K. Panton, Deputy State Public Defender, for Defendant and Appellant.

John K. Van de Kamp, Attorney General, Edward T. Fogel, Jr., and Susanne C. Wylie, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**AMERIAN, J.**—Kenneth Dwayne Gunn appeals the judgment entered following a jury trial in which he was convicted of two counts of robbery. (Pen. Code, § 211.) Proceedings were suspended and probation granted for a period of four years on certain terms and conditions. It is contended: "The trial court erred by failing to make factual findings justifying the imposition of the aggravated or mitigated term."

The trial court, in suspending proceedings and granting probation, did not make findings as to the circumstances justifying the upper or lower term based upon the trial evidence. Both parties direct our attention to *People* v. *McKinzie* (1982) 134 Cal.App.3d 1016, 1019 [184 Cal.Rptr. 884], as dispositive of the question raised herein.

California Rules of Court (herein rule) 433(b) provides, "If the imposition of sentence is to be suspended during a period of probation after a conviction by trial, the trial judge shall make factual findings as to circumstances which would justify imposition of the upper or lower term if probation is later revoked, based upon evidence admitted at the trial."

██ The failure of the trial court to make factual findings under rule 433(b) was error. As was observed in *People* v. *McKinzie, supra*, rule 433(b), requires that the trial court make "factual findings . . . upon evidence admitted at the trial" regarding the propriety of subsequent imposition of the upper or

lower term. "The purpose of rule 433(b) is to assist a later court, upon revocation of probation, to determine what mitigating or aggravating circumstances existed at the time probation was originally granted. This is because rule 435(b)(1) provides that in imposing judgment after revocation of probation the court must 'consider[ ] any findings previously made' and determine the sentence *based on circumstances existing at the time probation was granted* and not upon subsequent events." (*People* v. *McKinzie, supra,* 134 Cal.App.3d at p. 1019 (italics in original).)

In *McKinzie,* however, the proceeding which resulted in the grant of probation was submission on a 28-page preliminary hearing transcript. The court in *McKinzie* noted the failure of the trial court to make findings and modified the order granting probation by striking the reference to the upper term. In the interest of judicial economy, the matter was not remanded for the purpose of making the findings.

Here appellant was convicted after a 10-day jury trial, during which nine witnesses were called and four exhibits were received in evidence. Where trial is conducted, the trial court is obliged to make findings under rule 433(b) if imposition of sentence is suspended during a period of probation.[1]

The judgment is affirmed and the matter is remanded to the trial court with direction to make findings under rule 433(b).

Woods, P. J., and McClosky, J., concurred.

---

[1]The reason for the requirement is set forth in rule 435(b)(1), which provides, "(b) Upon revocation and termination of probation pursuant to section 1203.2, when the sentencing judge determines that the defendant shall be committed to prison: [¶] (1) If the imposition of sentence was previously suspended, the judge shall impose judgment and sentence after considering any findings previously made and hearing and determining the matters enumerated in rule 433(c)."