[Crim. No. 23885. First Dist., Div. Two. Nov. 18, 1983.]

THE PEOPLE, Plaintiff and Respondent, v.
BARRY GOLDBERG, Defendant and Appellant.

## COUNSEL

Quin Denvir, State Public Defender, under appointment by the Court of Appeal, and Michael S. McCormick, Deputy State Public Defender, for Defendant and Appellant.

John K. Van de Kamp, Attorney General, Robert H. Philibosian, Chief Assistant Attorney General, William D. Stein, Assistant Attorney General, Gloria F. DeHart and Ann K. Jensen, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**ROUSE, J.**—Defendant, Barry Goldberg, appeals from an order revoking his probation and sentencing him to state prison.

On May 1, 1980, defendant pleaded guilty to false imprisonment in violation of section 236 of the Penal Code. Imposition of sentence was sus-

pended and defendant was placed on probation for three years, subject to certain conditions.

On October 9, 1981, defendant was found to have violated probation and was committed to the Department of Corrections for a diagnostic study and recommendation. (Pen. Code, § 1203.03.) On December 17, 1981, he was sentenced to the upper term of three years. (Pen. Code, §§ 237, 18.)

On this appeal, defendant raises the sole contention that the trial court erred in imposing the upper term of imprisonment without complying with the mandate of rule 435(b), California Rules of Court, that the court take into consideration the findings previously made when defendant was placed on probation. We have concluded that this argument is meritorious.

The probation report submitted when defendant was placed on probation cited two circumstances in aggravation and two in mitigation. The aggravating circumstances were that defendant had engaged in a pattern of violent conduct which indicated a serious danger to society (Cal. Rules of Court, rule 421(b)(1)) and that his prior convictions as an adult were numerous and of increasing seriousness (Cal. Rules of Court, rule 421(b)(2)). The circumstances in mitigation were that defendant was suffering from a mental condition that significantly reduced his culpability for the crime (Cal. Rules of Court, rule 423(b)(2)) and that he had voluntarily acknowledged wrongdoing at an early stage of the criminal process (Cal. Rules of Court, rule 423(b)(3)). In explaining its decision to place defendant on probation, the superior court mentioned both mitigating circumstances.

The record also reflects that when defendant was later sentenced to the upper term of three years, following the revocation of his probation, the court made no reference to the mitigating circumstances which had initially influenced the court's decision to grant probation. However, the court did mention the two aggravating circumstances when explaining its sentencing choice.

Defendant argues that, in failing to consider the favorable findings made upon the granting of probation, the sentencing court violated rule 435(b) of the California Rules of Court. That rule provides, in pertinent part, that "Upon revocation and termination of probation pursuant to [Pen. Code] section 1203.2, when the sentencing judge determines that the defendant shall be committed to prison: [¶] If the imposition of sentence was previously suspended, the judge shall impose judgment and sentence after considering *any findings previously made and hearing and determining the mat-*

*ters enumerated in rule 433(c).* [1] [¶] The length of the sentence shall be based on circumstances existing at the time probation was granted, and subsequent events may not be considered in selecting the base term nor in deciding whether to strike or specifically not order the additional punishment for enhancements charged and found." (Italics added.)

■ In this instance, since defendant pleaded guilty, rule 433(b) of the California Rules of Court did not require the court to make such findings. (*People* v. *McKinzie* (1982) 134 Cal.App.3d 1016, 1019-1020 [184 Cal.Rptr. 884].) Nevertheless, at the time when he suspended imposition of sentence, the trial judge did make specific findings of fact, both in aggravation and in mitigation of the offense to which defendant pleaded guilty. Under these circumstances, we conclude that rule 435(b)(1) of the California Rules of Court requires that such findings be considered by the superior court when sentencing defendant upon revocation of probation.

The language of that rule is broad and inclusive. It contemplates consideration of *any* findings previously made, whether or not such findings were required. Such an interpretation is consistent with the spirit and purpose of the rule, which was intended to preclude the possibility that a defendant's bad acts while on probation would influence his sentence upon revocation of probation.[2]

■ Selection of the upper term is permitted only if circumstances in aggravation outweigh circumstances in mitigation. (Rule 439(b), Cal. Rules of Court.) Here, the sentencing court's error in failing to consider the previous findings may well have been prejudicial, since it is at least questionable whether aggravating circumstances outweighed mitigating circumstances at the time probation was granted. Accordingly, the case must be remanded for a new sentencing hearing so that the court can consider the previous findings in mitigation. (See *People* v. *Burney* (1981) 115 Cal.App.3d 497, 505-506 [171 Cal.Rptr. 329].)

---

[1]Rule 433(c), California Rules of Court, provides, in part, as follows: "If a sentence of imprisonment is to be imposed, or if the execution of a sentence of imprisonment is to be suspended during a period of probation, the sentencing judge shall: [¶] (1) Hear evidence in aggravation and mitigation, and determine, pursuant to [Pen. Code] section 1170(b), whether to impose the upper, middle, or lower term; and set forth on the record the facts and reasons for imposing the upper or lower term . . . ."

[2]Rule 435(b)(1) of the California Rules of Court clearly prohibits the superior court from considering events subsequent to the grant of probation when determining the length of a prison term upon revocation of probation. (*People* v. *McKinzie, supra,* 134 Cal.App.3d 1016, 1019; *People* v. *Angus* (1980) 114 Cal.App.3d 973, 989 [171 Cal.Rptr. 5]; *People* v. *Colley* (1980) 113 Cal.App.3d 870, 872-873 [170 Cal.Rptr. 339].)

The order revoking defendant's probation is reversed and the case remanded to the trial court for resentencing in compliance with rule 435(b) of the California Rules of Court.

Kline, P. J., and Miller, J., concurred.