[No. G005035. Fourth Dist., Div. Three. Mar. 21, 1989.]

THE PEOPLE, Plaintiff and Respondent, v.
CELESTINO MENDOZA GONZALES, Defendant and Appellant.

**[Opinion certified for partial publication.[1]]**

[1]Part I and parts II.A through II.E of this opinion are not certified for publication; part II.F and all portions of the opinion preceding part I are certified for publication. (See Cal. Rules of Court, rules 976(b) and 976.1.)

### COUNSEL

Richard D. Rome, under appointment by the Court of Appeal, for Defendant and Appellant.

John K. Van de Kamp, Attorney General, Steve White, Chief Assistant Attorney General, Robert M. Foster and Tim Nader, Deputy Attorneys General, for Plaintiff and Respondent.

### OPINION

**SCOVILLE, P. J.**—Appellant Celestino Mendoza Gonzales was convicted of voluntary manslaughter for shooting his neighbor. In the published portion of this opinion, we consider Gonzales's contention the judge erred in using Gonzales's conduct subsequent to the charged offense to aggravate the sentence. In the unpublished portion of the opinion, we consider his remaining assignments of error, namely, insufficiency of evidence to support the verdict; the judge's refusal to instruct on involuntary manslaughter and on the right to protect one's property from trespassers and intruders; denial of Gonzales's motion to have the jury view the scene of the crime; admission of evidence of a gun Gonzales formerly owned; and failure to consider mitigating circumstances in imposing sentence. We find no prejudicial errors and affirm the judgment.

### I.*

. . . . . . . . . . . . . . . . . . .

### II.

### A.-E.*

. . . . . . . . . . . . . . . . . . .

*See footnote 1, *ante,* page 1170.

F. *Sentencing: Use of Subsequent Conduct*

The judge placed considerable emphasis, in imposing the upper term, on Gonzales's 1984 conviction for firing three shots from a revolver at a gas station attendant (who was fortunately protected by bulletproof glass). **(1)** Gonzales contends it was improper to use this incident as an aggravating factor, since it occurred years after the charged offense.

Gonzales is correct that the "prior" convictions and prison terms referred to in California Rules of Court, rule 421(b)(2) and (3), are limited to those occurring prior to the currently charged offense. (*People* v. *Balderas* (1985) 41 Cal.3d 144, 201 [222 Cal.Rptr. 184, 711 P.2d 480].) The judge was not, however, limited to the aggravating factors listed in rule 421, but was free to apply "additional criteria reasonably related to the decision being made." (Cal. Rules of Court, rule 408(a).) One primary objective of the sentencing decision is protection of society (Cal. Rules of Court, rule 410(a)); Gonzales's subsequent violent conduct indicated a maximum sentence was advisable to serve that objective. Moreover, the judge considered the 1984 shooting as part of a pattern of gun ownership and gun misuse, including a 1980 conviction for shooting a handgun in the air while driving under the influence of alcohol and an arrest for carrying a loaded firearm in a public place.[4] These incidents could reasonably be viewed as "a pattern of violent conduct which indicates a serious danger to society" (Cal. Rules of Court, rule 421(b)(1)). Therefore, unless there exists some flat prohibition against using a defendant's conduct subsequent to the offense to aggravate a sentence, the judge acted properly.

Prior to California's conversion to determinate sentencing, *In re Rodriguez* (1975) 14 Cal.3d 639, 652-653 [122 Cal.Rptr. 552, 537 P.2d 384] held the Adult Authority could not use a defendant's conduct subsequent to the offense in setting the "primary term" of an indeterminate sentence. California Rules of Court, rule 435(b)(1), governing sentencing upon revocation of probation, was drafted to comply with this ruling (see advis. committee com., 23 (pt. 1) West's Ann. Cal. Codes, Civ. and Crim. Court Rules (1981 ed.) rule 435, p. 689); no other rule of court appears to derive from *Rodriguez*. Rule 435(b)(1) prohibits basing a sentence on events subsequent to the time probation was granted; it does not appear to prohibit sentencing based on events occurring before the grant of probation but after the initial offense.

---

[4]The judge stated explicitly that the pattern of gun use which he was considering in aggravation did not include use of a rifle in another shooting. Use of the rifle could not be considered in aggravation, given the judge's imposition of a two-year enhancement for that firearm use. (Pen. Code, § 1170, subd. (b); Cal. Rules of Court, rule 441(b).)

Some appellate courts have described *Rodriguez*'s no-subsequent-conduct rule as remaining applicable under determinate sentencing law, although none have applied it to the initial choice of a base term. (See *People v. Scott* (1984) 150 Cal.App.3d 910, 918-919 [198 Cal.Rptr. 124]; *People v. Colley* (1980) 113 Cal.App.3d 870, 873 [170 Cal.Rptr. 339].) The California Supreme Court, however, does not appear to interpret *Rodriguez* as prohibiting the use of defendant's conduct between commission of the offense and the time of sentencing to justify a more severe sentence. *People v. Hovey* (1988) 44 Cal.3d 543, 577-578 [244 Cal.Rptr. 121, 749 P.2d 776] approved the use of a subsequent violent crime as a factor in the penalty phase of a murder trial. The court held Penal Code section 190.3, subdivision (b), allowing the trier of fact in a capital case to consider defendant's other violent criminal activity in determining the penalty, is not restricted to "prior" violent crimes. In the noncapital context, *People v. Redmond* (1981) 29 Cal.3d 904, 913-914 [176 Cal.Rptr. 780, 633 P.2d 976] upheld use of a defendant's perjury at trial and lack of remorse as factors in aggravation.

Numerous appellate courts have upheld the use of defendant's conduct subsequent to the offense as an aggravating factor or as a factor in other sentencing decisions. (See, e.g., *People v. Richard* (1984) 161 Cal.App.3d 559, 562 [207 Cal.Rptr. 715] [finding of "dangerousness" upheld based on reports from psychiatric hospital where defendant held for eight years prior to sentencing], disapproved on unrelated point in *In re Huffman* (1986) 42 Cal.3d 552, 563 [229 Cal.Rptr. 789, 724 P.2d 475]; *People v. Griffith* (1984) 153 Cal.App.3d 796, 799-802 [200 Cal.Rptr. 647] [judge could deny or revoke probation based on burglary committed three days before probation hearing]; *People v. Bloom* (1983) 142 Cal.App.3d 310, 319-322 [190 Cal.Rptr. 857] [defendant's continuing to drink, after killing a girl while driving drunk, properly used as factor in aggravation]; *People v. Levingston* (1982) 136 Cal.App.3d 724, 729-730 [186 Cal.Rptr. 417] [while judge did not use defendant's postconviction escape as factor in aggravation, it would have been proper to do so]; cf. *People v. Foley* (1985) 170 Cal.App.3d 1039, 1047-1048 [216 Cal.Rptr. 865].) *Hovey* and *Redmond* confirm these courts acted properly.

As for the facts before us: if a subsequent violent crime may be used, as in *Hovey,* to justify a death sentence for the charged offense, a fortiori such a crime may be used to justify imposition of the upper term in noncapital cases. If the subsequent crime of perjury may be used, as in *Redmond,* as a factor in aggravation, a fortiori subsequent violent crimes may be so used.

Accordingly, we hold defendant's conduct subsequent to the charged offense was properly considered as a factor in aggravation.

The judge cited other factors justifying imposition of the upper term, namely the vulnerability of the victim and the seriousness of the offense. Given our holding that the judge properly considered Gonzales's subsequent conviction as an aggravating factor, we need not decide if these other factors, together with Gonzales's record prior to the charged offense, would in reasonable probability have led the judge to impose the upper term in any event.

Crosby, J., and Sonenshine, J., concurred.

Appellant's petition for review by the Supreme Court was denied May 31, 1989.