[No. F013031. Fifth Dist. June 26, 1990.]

THE PEOPLE, Plaintiff and Respondent, v.
ANTONIO MORADO, Defendant and Appellant.

**[Opinion certified for partial publication.\*]**

---

\* Pursuant to California Rules of Court, rule 976.1, this opinion is certified for publication with the exception of parts I and II-B.

**COUNSEL**

McInturff, Behrens & Snyder and William A. Romaine for Defendant and Appellant.

John K. Van de Kamp, Attorney General, Richard B. Iglehart, Chief Assistant Attorney General, Arnold O. Overoye, Assistant Attorney General, Roger E. Venturi and Maureen A. Daly, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

THAXTER, J.—The primary issue raised on this appeal is whether a sentencing court, having found facts justifying probation when probation is statutorily disfavored, must later, when imposing sentence after probation has been terminated for a violation, choose the mitigated term based on the same facts previously used for the grant of probation. We hold that in

deciding to grant probation the trial court was not required to, and did not, weigh the aggravating and mitigating circumstances, and was not thereafter precluded from selecting the midterm sentence option upon consideration of all relevant sentencing factors.

I.*

STATEMENT OF FACTS AND PROCEDURAL HISTORY

.   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .

II.

DISCUSSION

A. *The court did not abuse its discretion in imposing the middle term of imprisonment.*

Appellant was originally granted probation for his first degree burglary, despite the statutory directive that probation not be awarded for first degree burglary "[e]xcept in unusual cases where the interests of justice would best be served if the person is granted probation . . . . " (Pen. Code,[1] § 462, subd. (a).) The sentencing court in 1987 recorded its decision as follows: "All right. As stated previously, this is a case where defendant is eligible for probation only in unusual circumstances. The Court has considered the factors set out in Rule 414[2] of the Rules of Court to determine whether unusual circumstances exist in this case, and it appears to me that they do. The defendant is youthful and he has no significant prior record. His prior record does include one juvenile adjudication for which he was placed on informal probation for a period of 6 months and satisfactorily completed that, and the prior incarceration was apparently 7 days in Texas for possession of marijuana.

"Therefore, defendant's application for probation is going to be granted . . . ."

The court then suspended imposition of the sentence.

---

*See footnote, *ante*, page 890.

[1] All statutory references are to the Penal Code.

[2] Although the court referred to rule 414, the criteria affecting probation in unusual cases are set out in rule 416. The court's statement of facts constituting unusual circumstances was almost exactly in the language of rule 416(f). All further references to rules are to the California Rules of Court.

When appellant was brought back before the court in 1989 for sentencing after admitting his probation violation, the court first denied reinstatement of probation, a ruling which appellant does not challenge. The court then noted two circumstances in mitigation, appellant's youth and minimal prior record, factors which the judge had cited in 1987 as weighing in favor of probation. The court went on to cite several circumstances in aggravation: "The primary circumstances in aggravation which were present then were the fact that the burglary involved the taking of property of substantial value. The victim appeared to have been particularly vulnerable, being a 71-year old woman, and the crime appears to have involved some premeditation.

"The victim was absent, out of town when the crime occurred. There's some indication in the probation report that defendants were familiar with the victim. An additional aggravating factor would be that Mr. Morado and co-defendant apparently involved another minor in the commission of the offense, although that particular aggravating circumstance is not of great weight to the Court because Mr. Morado himself was just barely not a minor himself."

The court found the aggravating and mitigating factors to be in "relatively equal balance" and imposed the middle term, which for first degree burglary is four years.

Appellant now complains the imposition of the middle term was an abuse of the court's discretion. The gist of the argument is that the court, in determining appellant was entitled to probation, necessarily weighed mitigating circumstances against aggravating circumstances and found the balance tipped toward the mitigating factors. But, on revocation of probation, the court weighed the same factors and found them to be in balance, thus giving the mitigating factors less weight, or the aggravating ones more weight, than the court had done previously—presumably because the court improperly took into account events occurring while appellant was on probation. Appellant states: "Necessarily implied from the grant of probation is that the factors later cited by the same judge in aggravation were substantially outweighed by the factors later cited by the same judge in mitigation. Were that not the case, the legislative presumption against probation would have operated to deny probation in the case. But for unspecified reasons, the aggravating factors gained substantial weight between the time of the initial grant of probation and the selection of the term of imprisonment after revocation. The only possible inference to be drawn is that the court drew upon factors arising after the grant of probation to add to the weight of the aggravating circumstances, or to detract from the weight of those in mitigation."

Appellant's argument rests on the fallacious premise that the court weighed, or was obliged to weigh, aggravating and mitigating factors as defined in rules 421 and 423 in deciding whether appellant would be given probation.

■ The presence of mitigating factors is relevant in deciding whether to grant probation. Section 1203, subdivision (b) provides, "If the court determines that there are circumstances in mitigation of the punishment prescribed by law or that the ends of justice would be served by granting probation to the person, it may place the person on probation." The section makes no mention of aggravating circumstances nor does it suggest that any such circumstances found must be weighed against mitigating circumstances. Rule 416 lists several facts which "may indicate the existence of an unusual case." The rule does not mention any aggravating circumstances or suggest any weighing process. The only finding required is that the case is or is not unusual. (See *People* v. *Cazares* (1987) 190 Cal.App.3d 833, 837 [235 Cal.Rptr. 604].)

While rule 414 lists considerations that may be viewed as analogous to circumstances in aggravation under rule 421, there is again no formal balancing process mandated or suggested.

■ Certainly, whatever evaluation process is required of a sentencing court in determining whether to grant probation, the results of that process are not determinative of the prison sentence ultimately given a probation violator. Although rule 433(b) is not applicable in the instant case, as it only applies to conviction by trial and not to guilty pleas, it is highly instructive. That rule provides: "If the imposition of sentence is to be suspended during a period of probation after a conviction by trial, the trial judge shall make factual findings as to circumstances which would justify imposition of the upper or lower term if probation is later revoked, based upon evidence admitted at the trial."

The rule, which has the force of law (see, e.g., *In re Michael V.* (1986) 178 Cal.App.3d 159, 167 [223 Cal.Rptr. 503]), is clear in its implication that a court may simultaneously find facts meriting a grant of probation and determine that an aggravated prison term would be justified if the defendant violates the terms of his probation. Under appellant's view of the procedural requirements, such findings would be inconsistent; the Judicial Council apparently disagrees. :

Similarly, section 1203.2, subdivision (c) provides that on revocation of probation the court may "pronounce judgment for any time within the

longest period for which the person might have been sentenced. . . ." Thus, a convicted person once found worthy of probation may later be found deserving of an aggravated prison term—even though the court must make the choice of prison terms based on the same facts available at the time of the granting of probation, under rule 435(b)(1). (See *People* v. *Griffith* (1984) 153 Cal.App.3d 796, 801-802 [200 Cal.Rptr. 647].)

The only rational explanation for a court's statute-based ability to grant probation yet determine that aggravating circumstances outweigh mitigating circumstances is that the grant of probation is not dependent on such a weighing process. What, then, governs a sentencing court's decision whether to award probation? Rule 414 (and as here, where the Legislature has limited the availability of probation, rule 416) provides guidelines to the court but does not mandate a decisional structure comparable to that governing the decision on a base prison term. (Cf. § 1170, subd. (b); rule 439.)

In the instant case, there is no challenge to a grant or denial of probation, and therefore we need not delve into what procedures the sentencing court should or must follow in making that sentencing decision. On the issue presented, it is enough to state that one particular procedure, the weighing of aggravating and mitigating factors and formal balancing thereof, is *not* a required procedure.

Even if the court below was not required to balance aggravating and mitigating circumstances before it granted probation, appellant maintains the court did balance them and found mitigating circumstances outweighed those in aggravation. Thus, appellant maintains, the lower court should have been bound by the results of that balancing when it later imposed a prison sentence.

The record fails to support the argument. The judge's statements on granting probation, insofar as they are relevant, are quoted above; nothing in his comments suggests he was balancing mitigating and aggravating factors.

Appellant's reliance on *People* v. *Goldberg* (1983) 148 Cal.App.3d 1160 [196 Cal.Rptr. 470] is misplaced. In that case, as in the instant case, the court cited two mitigating factors when placing the defendant on probation. When probation was revoked and the defendant sentenced, the court did not consider those mitigating factors and imposed the upper term.

Here, unlike the court in *Goldberg*, the court expressly *did* consider the same mitigating factors it had cited in 1987 when it imposed the middle term in 1989. Nothing in the *Goldberg* decision precluded the trial court from imposing more than the mitigated sentence after considering all mitigating and aggravating circumstances. *Goldberg* does not support appellant's contention.

Similarly, appellant's citations to *People* v. *Colley* (1980) 113 Cal.App.3d 870 [170 Cal.Rptr. 339] add nothing to his argument. In *Colley*, as here, the defendant pleaded guilty to first degree burglary; as here, he was granted probation and imposition of sentence was suspended. Subsequently, defendant Colley was found to have violated the terms of his probation, and he was sentenced to the middle term on his burglary. The court then recalled Colley's sentence and again granted him probation, which Colley again violated. With Colley before it for a third time, the sentencing court noted its prior midterm sentence but elected to give Colley the upper term, for reasons clearly related to Colley's conduct on probation. (*Id.* at pp. 871-872.)

The sentencing court here did not find a particular base term appropriate and later, following a probation violation, impose a higher base term. Appellant's insinuations notwithstanding, nothing in the record suggests the sentencing court relied on anything appellant did while on probation when it fixed the sentence at the middle base term. *Colley* is therefore of no aid to appellant.

If we adopted appellant's argument, we would deprive the sentencing court of discretion to impose any base term other than the mitigated term after a grant of probation has been revoked for violation, at least in cases in which probation is statutorily disfavored. That extreme position is not supported by the relevant statutes, court rules, or decisions. We hold that the court below had discretion to impose any of the three statutorily prescribed base terms and properly exercised that discretion.

B. *Appellant has not clearly shown error in the calculation of his presentence custody credits.*\*

.   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .

---

\* See footnote, *ante*, page 890.

## III.

### DISPOSITION

The judgment is affirmed.

Stone (W. A.), Acting P. J., and Baxter, J., concurred.