Filed 8/30/13  P. v. Kastner CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>ASHLEY MARIE KASTNER,<br><br>    Defendant and Appellant. | F065234<br><br>(Super. Ct. No. 1417155)<br><br><br>**OPINION** |

### THE COURT*

APPEAL from a judgment of the Superior Court of Stanislaus County.  Linda A. McFadden, Judge.

Allen G. Weinberg, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, William K. Kim and Kathleen A. McKenna, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

*        Before Gomes, Acting P.J., Kane, J. and Detjen, J.

Appellant Ashley Marie Kastner entered a no contest plea to violating Penal Code section 289, subdivision (a)(1) (forcible sexual penetration by a foreign object).[1]  The court suspended imposition of sentence and placed appellant on formal felony probation, which she violated numerous times, resulting in the court revoking and reinstating probation until finally the court sentenced appellant to a six-year prison term (midterm).

Appellant raises two arguments on appeal.  First, she contends that the trial court violated California Rules of Court, rule 4.435(b), when it relied on appellant's postoffense conduct in imposing the middle prison term.[2]  Second, she contends the court's no-contact order was unlawful.  We agree, as does respondent, that the no-contact order must be stricken, but otherwise affirm.

## DISCUSSION

Procedural History

At her original sentencing, the court suspended imposition of sentence and placed appellant on formal felony probation.  Several months later, the probation officer filed a violation report with the court, after which the court released appellant and indicated the probation violation would be dismissed if she complied with the probation conditions.  Two months later, another probation violation report was filed with the court, after which the court revoked and reinstated probation.  Several months later, another probation violation report was filed and again the court revoked and reinstated probation.  A few months later, the same scenario was repeated.  A report of probation violation was filed and the court again revoked and reinstated probation.  One month later, the probation officer filed yet another violation of probation report and the court set the matter for a hearing.  Appellant admitted violating probation for the fourth time and the court

---

[1]     Unless otherwise indicated, all further statutory references are to the Penal Code.

[2]     Unless otherwise indicated, all further references to rules are to the California Rules of Court.

thereafter sentenced appellant to a six-year prison term (midterm sentence), ordered her to register under section 290 upon her release, and reserved jurisdiction concerning victim restitution.

At sentencing, the trial court did not mention anything about contact with the victim, but the abstract of judgment states "Do not contact victim."

The Trial Court Did Not Err in Considering Appellant's Performance on Probation *Before* the Final Reinstatement of Her Probation, But Did Err to the Extent it Considered Her Performance on Probation *After* the Final Reinstatement of Her Probation

Rule 4.435(b)(1) states that when sentencing on revocation of probation:

"The length of the sentence must be based on circumstances existing at the time probation was granted, and subsequent events may not be considered in selecting the base term …."

The court sentenced appellant to prison after she admitted a fourth violation of probation. At the sentencing hearing, the probation officer and the prosecutor emphasized her repeated violations of the terms and conditions of probation as well as her failure to heed warnings regarding the consequences of her failure to comply with the terms imposed by the court. Defense counsel asked the court to impose the mitigated term, pointing out that appellant had no criminal history. At sentencing, the court noted that other than lack of criminal history, there was nothing mitigating about the offense or appellant. As far as aggravating circumstances, the court indicated that it was looking at appellant's history on probation and "how she's followed through with probation. And that's a very big concern here." The court further stated:

"Court is denying probation because it doesn't seem like [appellant's] reasonably capable of following the probation rules. But the Court can consider a person's past performance also in determining whether there's mitigating or aggravating evidence."

The court then imposed the middle term of six years.

Appellant cites rule 4.435(b) and *People v. Colley* (1980) 113 Cal.App.3d 870 (*Colley*) in support of her contention that the trial court imposed an unlawful sentence

3.

when it considered appellant's performance on probation as an aggravating factor. In her reply brief, appellant acknowledges that *People v. Black* (2009) 176 Cal.App.4th 145 (*Black*) reaches a contrary conclusion, but contends that *Black* is wrongly decided and should not be followed.

In *Black*, the trial court relied on the defendant's poor performance on probation to justify imposing an aggravated prison term. After multiple probation violations, revocations and reinstatements, the court ultimately revoked probation and imposed the aggravated prison term. Relying on *People v. Harris* (1990) 226 Cal.App.3d 141 (*Harris*), the court recognized an exception to rule 4.435(b), namely, that a sentencing court can consider a defendant's poor performance on probation during the time period between the original grant of probation and *reinstatement*. (*Black*, *supra*, 176 Cal.App.4th at pp. 150-151.) The *Black* court found the *Harris* decision to be well reasoned, persuasive and directly responsive to the issue raised in the defendant's appeal. (*Ibid*.)

The defendant in *Black* also argued that even if it was appropriate for the sentencing court to consider the defendant's poor performance on probation prior to reinstatement, it was inappropriate to consider her poor performance *subsequent to her last reinstatement*. The *Black* court noted that the "record is somewhat unclear on this point" (whether the trial court did consider post-reinstatement performance), however it concluded that it was not reasonably probable the trial court would have chosen a lesser sentence had it known that some of its reasons were improper. (*Black*, *supra* 176 Cal.App.4th at pp. 151-152.)

*Black* is directly on point. In the instant case and in *Black*, there were several probation revocations and reinstatements that ultimately led to a prison sentence. Here, the prison sentence was the midterm, not the aggravated term as in *Black*, but the trial court did consider appellant's poor performance on probation as an aggravating factor to offset the mitigating factor of having had no criminal history. Appellant admitted to four

violations of probation. Her probation was reinstated three times. Under *Harris* and *Black*, the trial court was entitled to consider her poor performance on probation from the time probation was initially granted until the last reinstatement as an aggravating factor for sentencing purposes. As in *Black*, the record is not entirely clear that the trial court specifically considered appellant's poor performance *after her last reinstatement* on probation when it imposed the midterm, but if it did so, this would have been improper under rule 4.435(b)(1) and the *Harris* and *Black* line of cases.

*Colley*, *supra*, 113 Cal.App.3d 870 does not help appellant. Colley violated probation and was sentenced to the midterm for burglary. The sentence was recalled and Colley was placed on probation. When probation was revoked, the trial court sentenced Colley to the upper term on the burglary conviction. (*Id*. at p. 872.) The appellate court concluded the aggravated term was improperly based on Colley's performance on probation in violation of former rule 435(b)(1) (now rule 4.435(b)(1)). (*Colley*, *supra*, at pp. 872-873.) The Court of Appeal modified Colley's sentence from the upper to the midterm. (*Id*. at p. 874.) As explained in *Black*, the *Colley* court did not consider the circumstances at issue in *Harris* or *Black*, because there was no reinstatement of probation followed by another revocation. Thus, *Colley* is not pertinent to the circumstances here, where there were multiple reinstatements of probation.

In conclusion, to the extent that the trial court considered appellant's poor performance on probation from the time of her initial grant of probation through all of her reinstatements, there was no error and no violation of rule 4.435(b)(1). (*Harris*, *supra*, 226 Cal.App.3d at pp. 145-147; *Black*, *supra*, 176 Cal.App.4th at p. 152.) However, it would have been error for the court to have considered her poor performance following her last reinstatement as an aggravating factor in selecting the base term.

The Trial Court's Error, If Any, Was Harmless

When a trial court gives both proper and improper reasons for a sentence choice, a reviewing court will set aside the sentence only if it is reasonably probable that the trial

court would have chosen a lesser sentence had it known that some of its reasons were improper. (*People v. Price* (1991) 1 Cal.4th 324, 492 (*Price*); *Black*, *supra*, 176 Cal.App.4th at p. 152.) As in *Black*, we have found nothing in the record indicating that there is a reasonable probability that the court would have chosen a lesser sentence had it recognized that it was precluded by rule 4.435(b)(1) from considering appellant's performance during the relatively brief time period after the final reinstatement of probation until probation was revoked for the last time.

Here, appellant admitted to four probation violations. Probation was reinstated three times. Several of the violations were only a couple of months apart. The record indicates appellant was given multiple opportunities to remain on probation, but continued to violate probation at every turn. Before her last reinstatement, appellant admitted on three different occasions to violating probation over an eight-month period in 2011. She was first placed on probation in July 2010; her third and final reinstatement of probation occurred in December 2011. During that period of time, her performance was exceedingly poor. The last violation of probation report was filed on December 21, 2011, and she admitted violating probation in May 2012. She was sentenced on June 26, 2012. Of the approximate 23-month period between first being placed on probation and being sentenced to prison, her performance on probation was abysmal. The court was well within its lawful discretion to consider her performance from July 2010 until December 2011. It is only the post-December 2011 time period that the court was not permitted to consider in selecting the base term. Assuming, without deciding, that the court did consider appellant's poor performance on probation both before and after the last reinstatement, it is not reasonably probable that the court would have chosen a lesser sentence had it excluded from its consideration her post-December 2011 performance (*Price*, *supra*, 1 Cal.4th at p. 492). We conclude that if any error was committed, it was harmless.

No-contact Order On Abstract of Judgment Must Be Stricken

Appellant contends and respondent agrees that the no-contact order that appears on the abstract of judgment must be stricken because the transcript of the sentencing proceeding does not include a no-contact order. Further, the court was not authorized to make a no-contact order once it revoked probation and sentenced appellant to prison. (*People v. Robertson* (2012) 208 Cal.App.4th 965, 996.)

## DISPOSITION

The no-contact order on the abstract of judgment is ordered stricken. The trial court is directed to send a corrected abstract of judgment to the California Department of Corrections and Rehabilitation. The judgment is otherwise affirmed.