Filed 4/21/15  P. v. Green CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>    v.<br><br>BRANDON GREEN,<br><br>        Defendant and Appellant. | C074332<br><br>(Super. Ct. Nos. 10F08426,<br>11F04884) |

Defendant Brandon Green comes before us following a revocation of his probation in two cases.  On January 5, 2011, in case No. 10F08426, defendant pleaded no contest to possession of marijuana for the purpose of sale (Health & Saf. Code, § 11359);[1] the trial

---

[1]  The written change of plea form and the minute order both indicate defendant entered a plea of no contest, but at the oral change of plea in open court defendant stated he was pleading guilty to the charge.  As the written plea agreement reflects the parties' intent

court suspended imposition of judgment and sentencing, and ordered defendant placed on formal probation for five years. Then, on August 22, 2011, in case No. 11F04884, defendant pleaded no contest to burglary (Pen. Code, § 459);[2] again, the trial court suspended imposition of judgment and sentencing, and ordered defendant placed on formal probation for five years.

Thereafter, on June 20, 2013, the trial court found defendant violated his probation in both cases when he robbed a donut shop and resisted arrest (§§ 148, subd. (a)(1), 211) on May 30, 2012. The court revoked defendant's probation and sentenced him to the upper term of six years in state prison for case No. 11F04884 (burglary) and a consecutive eight months (one-third of the middle term) for case No. 10F08426 (possession for sale). The trial court also imposed restitution fines of $200 each for case Nos. 10F08426 and 11F04884 pursuant to section 1202.4.

On appeal, defendant contends he was denied effective assistance of counsel in the 2013 sentencing proceeding because counsel failed to object when the trial court relied on impermissible factors in sentencing him to the upper term. He also contends the imposed restitution fines were erroneously duplicative of previously imposed fines. Respondent agrees with defendant as to both contentions, and so do we. Accordingly, we remand for resentencing.

## DISCUSSION

### I

### *Imposition of Upper Term*

Defendant contends the trial court abused its discretion in sentencing him to the upper term in case No. 11F04884 based on its erroneous consideration of (1) defendant's

---

and a plea of no contest has the same effect as a guilty plea for our purposes (Pen. Code, § 1016), we construe the record as a whole to reflect a plea of no contest.

[2] Undesignated section references are to the Penal Code.

use of a gun in the commission of the act that constituted the basis of the probation violation and (2) defendant's performance on probation in the cases for which he was being sentenced. Defendant's failure to object in the trial court would generally result in a forfeiture of this claim. (*People v. Scott* (1994) 9 Cal.4th 331, 354.) But we address defendant's claim because he has asserted ineffective assistance of counsel, and we agree with defendant and the Attorney General that there is no reasonable tactical basis for failing to object in this instance, and that if counsel had objected, the outcome of the sentencing proceeding likely would have been different. (*Strickland v. Washington* (1984) 466 U.S. 668, 687-688, 695 [80 L.Ed.2d 674, 693, 698]; *People v. Ledesma* (1987) 43 Cal.3d 171, 216-218; *People v. Mai* (2013) 57 Cal.4th 986, 1009.) We further conclude, and both parties agree, the trial court abused its discretion in relying on the stated factors to sentence defendant to the upper term. Accordingly, we remand for resentencing.

In sentencing defendant to the upper term, the trial court stated: "[W]hat is most troubling in a case like this is his first conviction, a felony for sale of marijuana, he's placed on felony probation and is told don't do this again, you must stay crime-free because if you don't, there will be severe consequences. [¶] . . . [¶] And in fact he does commit another crime, a much more serious crime, a strike, a first degree burglary. [¶] . . . [¶] Judge Koller . . . decided in the home court that despite his being on felony probation and committing a serious felony where the presumption is to go to prison, she would give him yet another chance. [¶] So she places him on probation for a case where there, in truth, were no unusual circumstances. . . . [¶] And it must have crossed his mind that he needed to be particularly careful now, and yet the facts of this case indicate, as the prosecutor says, within no time at all he's out on the street and he is immediately and without remorse, without a second thought, he's immediately involved in a lifestyle of crime."

3

The judge continued, "[b]ut from my perspective and more troubling is he's on two grants of felony probation and he must know or has some sense that he faces a large amount of time in state prison. So now he's at another choice. [¶] He's made at least two bad choices that resulted in felony probation grants. Now he's immediately . . . immediately in a criminal lifestyle again."

". . . I'm at a loss because I don't know what to do with somebody like [defendant] because nothing that has -- nothing that has been done so far in this criminal just [*sic*] system has shown the first hint of being able to impress upon [defendant] the negative consequences of his life choices. [¶] And I don't know what to do as a judge other than to try to say through my sentence, and that's what I'm trying to do is say to him: You were given a break when you sold marijuana, you were given another break when you sold -- when you burglarized a house and a judge gave you probation."

Finally, the trial court stated, "All right. Well, here's what I have looked at. I did carefully consider the Rules of Court and the rules of the aggravating and mitigating factors. And again, the overwhelming factor, although it doesn't specifically fit within the rules was the fact he was on two grants of felony probation when he committed these additional offenses [robbery and resisting arrest]." The aggravating factors cited by the court were defendant's use of a gun in committing the 2012 robbery and that his prior performance on probation was unsatisfactory because "[b]oth times that he's been placed on probation, he has committed new offenses." (Cal. Rules of Court, rule 4.421(b)(1), (5).)[3] The court also recognized as a circumstance in mitigation that defendant was youthful. However, the trial court concluded that the factors in aggravation outweighed the mitigating factor.

---

[3] Undesignated rule references are to the California Rules of the Court.

4

Pursuant to rule 4.435(b)(1), where imposition of a sentence was previously suspended, the judge sentencing a defendant following revocation of probation "must impose judgment and sentence"; however, "[t]he length of the sentence must be based on circumstances existing at the time probation was granted, and subsequent events may not be considered in selecting the base term . . . ." The "spirit and purpose" of this rule is "to preclude the possibility that a defendant's bad acts while on probation would influence his sentence upon revocation of probation." (*People v. Goldberg* (1983) 148 Cal.App.3d 1160, 1163.) Thus, in sentencing defendant, the trial court was limited to considering circumstances as they existed when defendant was granted probation in 2011; consideration of factors not in existence at that time is prohibited. And sentencing based on circumstances not in existence at the time probation was granted constitutes an abuse of discretion. (See *People v. Sandoval* (2007) 41 Cal.4th 825, 847 ["[A] trial court will abuse its discretion under the [sentencing] scheme if it relies upon circumstances that are not relevant to the decision or that otherwise constitute an improper basis for decision."].)

One of the aggravating factors relied on by the trial court was defendant's use of a gun in the commission of the 2012 robbery. This was not a circumstance that existed when defendant was granted probation in 2011 and could not be considered by the trial court in sentencing defendant to the upper term. (Cal. Rules of Court, rule 4.435(b)(1).)

The other aggravating factor the court relied on was defendant's prior performance on probation. This was based, it appears, on the court's understanding that defendant committed the burglary (case No. 11F04884) while on probation for possession for sale (case No. 10F08462). However, defendant committed the burglary (case No. 11F04884) on June 17, 2010, but did not possess marijuana for the purpose of sale until December 22, 2010 (case No. 10F08426). Thus, defendant had already committed the charged burglary when he was granted probation in case No. 10F08426 on January 5, 2011. Accordingly, the trial court abused its discretion when it relied on commission of the burglary as an aggravating factor. (*People v. Cluff* (2001) 87 Cal.App.4th 991, 998

5

["A trial court abuses its discretion when the factual findings critical to its [sentencing] decision find no support in the evidence."].)

Neither of the cited aggravating factors was properly considered by the trial court in electing the base term following revocation of defendant's probation; therefore, we remand this matter to the trial court for resentencing. (We note, however, that defendant's eight-month consecutive sentence in the possession for sale case is unlikely to change on resentencing.)

## II

### *Imposition of Revocation of Probation Fines*

Defendant also contends, and the Attorney General agrees, the court erred in imposing duplicative restitution fines pursuant to section 1202.4 when it sentenced him following the revocation of probation. We concur and conclude the restitution fines imposed by the trial court on July 19, 2013, are unauthorized.

The trial court must impose a restitution fine for each crime for which a defendant is convicted. (§ 1202.4, subd. (b).) When the defendant is granted probation, payment of that fine is a condition of probation. (§ 1202.4, subd. (m).) The fine "survives the revocation of probation"; therefore, any "additional restitution fine imposed at the time probation is revoked is unauthorized and must be stricken from the judgment." (*People v. Urke* (2011) 197 Cal.App.4th 766, 779.)

Here, the trial court imposed restitution fines of $200 each, pursuant to section 1202.4, in case Nos. 10F08426 and 11F04884 when it ordered defendant to probation. Those fines continued in effect when the trial court revoked probation. Nonetheless, the trial court imposed a second restitution fine of $200 in each case when it sentenced defendant following revocation of probation. Thus, the fines are unauthorized and must not be reimposed at resentencing.

**DISPOSITION**

We remand case Nos. 10F08426 and 11F04884 for resentencing consistent with this opinion.  In all other respects, the judgment is affirmed.


                RAYE         , P. J.


We concur:


        HULL         , J.


       DUARTE     , J.